HAMITER, Justice.
Plaintiff, Dr. Roy J. St. Martin, is appealing from a decision on a rule by which he seeks to modify a divorce judgment obtained against his wife, Mrs. Gladys Lewis St. Martin, to the extent of reducing the alimony fixed therein for the support of such defendant and their minor son.
In 1955 the wife instituted a suit for separation from bed and board, she alleging abandonment. Answering, the husband admitted the abandonment; also, he agreed to pay the sum of $625 per month for the support of his wife and child. Additionally, he agreed that “ * * * if his child becomes ill that he will provide whatever medical and hospital care that is necessary and further that if he and his said wife *82 should agree to send his said child to a preparatory school of their agreed choice, as well as to college, that he will pay, if able, such necessary expenses thereof as tuition, books and expenses necessary therefor, * * #»
Judgment of separation was rendered on June 24, 19SS, and on the same day the parties consummated in writing a settlement of the property of the community which had formerly existed between them. As her share of the community the wife received unencumbered assets valued in excess of $50,000. These consisted of a house on three lots, appraised at $15,375 and located in a subdivision adjoining the City of Houma, $21,258.94 in cash, United States Government bonds in the principal amount of $7,275, and some stock in Bell Chemical Company, Inc. Also she obtained a 1955 Oldsmobile and virtually all the furnishings of their home.
Subsequently, Dr. St. Martin instituted an action for divorce on the ground that the parties had lived separate and apart for more than two years; and on September 7, 1956, judgment was rendered therein in accordance with the prayer of his petition. In the judgment, with plaintiff’s consent, the defendant was awarded the custody of their minor son and alimony in the sum of $625 per month for the support of defendant and the child.
On April 3, 1957, plaintiff caused the issuance of the instant rule in which he seeks to have such alimony award reduced to $300 per month. Trial of the rule occurred on April 17, 1956, and at its conclusion the district court rendered judgment reducing the award to $600 per month.
From such judgment the plaintiff prosecutes this appeal, he urging (to quote from the brief of his counsel) “only that the alimony of $625 per month be reduced to $300 per month.”
As we stated in Rabun v. Rabun, 232 La. 1004, 95 So.2d 635, 636, “The question of what is to be considered in awarding alimony under Revised Civil Code Article 160 (after a divorce has been granted) is no longer open to serious debate. In numerous cases it has been resolved, particularly in the recent ones of Smith v. Smith, 217 La. 646, 47 So.2d 32; Brown v. Harris, 225 La. 320, 72 So.2d 746 and Stabler v. Stabler, 226 La. 70, 75 So.2d 12.” And in the Rabun case we quoted with approval the following language contained in Brown v. Harris, supra:
“In defending her judgment for alimony, the wife relies on Article 160 of the Civil Code, which allows a divorced wife alimony when she ‘has not sufficient means for her maintenance’. The alimony provided for in Article 160 is under the jurisprudence of this state, in the nature of a pension accorded by law to the wife. This alimony or pension is nothing more than a pure gratuity which the court may allow and fix in its discretion at an amount not to exceed one-third of the husband’s income, and is revocable when it becomes unnecessary. [Numerous cases are cited here.]
“In Fortier v. Gelpi, supra (195 La. 449, 197 So. [138] 140), this court said:
“ ' * * * The test by which the court must be guided in such cases in fixing the amount of the alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with “sufficient means for her maintenance”. In arriving at this amount necessarily the husband’s ability to pay must be taken into consideration. * * *> [Numerous cases are cited here.]
“In Smith v. Smith, supra, this court had occasion to consider the meaning of the phrase ‘sufficient means for her maintenance’ in Article 160, and concluded that ‘maintenance’ as this word *83 is used in the article includes primarily food, shelter, and clothing. The amount necessary for maintenance is to he determined by the facts and circumstances of each particular case, within the sound discretion of the trial judge, but, inasmuch as there is no longer an obligation under Article 120 for the husband to support the wife and the alimony is nothing more than a pension or gratuity, the trial judge in fixing the amount is not bound by the manner in which the wife has been accustomed to live.”
At the trial of the instant rule plaintiff testified that, in addition to the $625 per month alimony awarded in the divorce judgment, he has been and is voluntarily paying for all of the expenses of his son (then eighteen years of age) at Texas A & M College, this including tuition, books, board and room, and clothes. Also he has sent the child $50 per month for spending money. The defendant admits that these contributions have been made, and plaintiff insists that they will continue even though not so ordered by the court.
With respect to the means of the divorced wife we find that at the time of the trial of the rule she admittedly owned unencumbered assets having a valuation of at least $30,000. These included $3,000 in cash, stock in Bell Chemical Company, Inc., worth approximately $2,500, a $3,000 promissory note, the above mentioned house and three lots from which she receives rental of $90 per month and on which she recently expended $4,000 for improvements, and a new Lincoln automobile of the value of about $7,000. Considering such assets, together with the proposal of plaintiff to pay $300 per month for the support of defendant and their son and to take care of all expenses attending the latter’s education, we must conclude, in keeping with the above discussed jurisprudence, that the defendant has “sufficient means for her maintenance” as is contemplated by Revised Civil Code Article 160.
For the reasons assigned the judgment appealed from is amended by reducing the alimony award to $300 per month; and as amended, it is affirmed. Appellee shall pay the costs of this appeal.