ELLIS, Judge.
Plaintiff filed this suit for an amount claimed to have been paid out to replace certain items of property allegedly forming part of the real estate purchased by him and removed by the defendant after the date of the sale. The lower court held the value of the items removed was not proved but allowed certain labor costs for replacement.
The plaintiff appealed and the defendant did not answer the appeal.
Through deed dated April 4, 1957 the defendant sold the plaintiff 30 acres of real estate together with all buildings and improvements thereon. The consideration was $9,500.
The property which the plaintiff claims to have been included in the sale and later removed by the defendant was a butane gas tank, an electrical water system and water heater, together with all pipings and connections thereto. The plaintiff claims all of these items were immovables by destination under the provisions of Article 467 of the LSA-Civil Code in that they were actually connected with or attached to the building for the use and convenience thereof.
The defendant, called under cross-examination, testified that there was a dwelling house on the property sold but that it was not occupied at the time of the sale but was being used as a warehouse; that the items forming the subject of this law suit were on the property but they were not equipped for use nor were they attached to the building. He stated the butane tank was not his *522 property, was not attached to the building, and it belonged to A. R. Blossman & Co. The lower court found this to be a fact and concluded the butane gas tank was never intended to become immovable by destination, and, in truth and in fact, did not form part of the real estate purchased.
The transcript shows the building upon the property purchased had been used by the defendant’s mother up until about 6 months prior to the sale; that the hot water heater was connected up at one time but since it was too expensive to operate it was disconnected and was sitting on the back porch; that it had not been used for years.
As to the water pump and the pipe fittings, the testimony is in direct conflict. The defendant and his wife contended it had not been used and was not attached to the building but 'the plaintiff and his brother testified it was attached and that they had so seen it attached when they visited the property prior to the sale. The defendant claims he never visited the property before the sale but that the plaintiff approached him about the property, saying he was not interested in the house but wanted to get certain dirt for fill and he was primarily interested in this and not in the residence. As a matter of fact the defendant told the plaintiff he could get more money for the property, that he had another offer for $10,000, but the plaintiff said he would not wait until the other prospective purchaser came back, that he wanted to do business immediately. The plaintiff contacted his attorney on a Sunday and insisted the deal be made that day. The plaintiff himself indicated he was mainly interested in taking dirt fill from the property.
The defendant and his wife both denied the. plaintiff visited the property with the defendant before the sale, and there is no doubt but that by a verbal agreement the defendant was to remove from the premises all that belonged to him. The defendant’s wife was present during the negotiations and she stated the plaintiff said he did not care about the house, was not interested in it, that all he wished was to get the dirt off of a hill located on the property.
The evidence shows the plaintiff has not borne the burden of proof placed upon him and has not proven the items forming the basis of this law suit were ever attached to the premises, and as there was an agreement that the defendant could take away what belonged to him, the plaintiff has failed to make out his case. He did not ever prove the value of the items claimed to have been removed and a careful examination of this record shows he never proved they were attached to the house. His high pressure tactics to consummate an immediate sale and his statement he did not even care to examine the house lead us to believe the defendant’s version.
The defendant failed to answer the appeal taken herein so we cannot disturb the judgment of the lower court in awarding $58 for labor to install certain items done by the plaintiff. Appellee asks in his brief the plaintiff’s suit be dismissed. An appellee may not ask for a change in the judgment by merely demanding it in his brief, but must ask for such change in a regular appeal or answer to the appeal. See Code of Practice, Article 888 and Freeman v. World Insurance Co., La.App., 61 So.2d 892. Also Schwandt v. Nunez, La.App., 71 So.2d 583.
There were some exceptions filed herein which were referred to the merits. They are not reurged and consequently are considered overruled.
The judgment of the District Court is affirmed.