SAMUEL, Judge.
The plaintiff brought this suit against his -wife for a divorce on the grounds that they liad lived separate and apart for more than two years (LRS-R.S. 9:301). The wife ■•answered praying for alimony for her support and alleging that she was in necessitous circumstances and without fault in the separation. There were no children horn •of the marriage. The judgment of the trial court granted the divorce and awarded the defendant alimony in the amount of -$120 per month. The defendant has appealed from the latter portion of the judgment seeking an increase in the amount of the alimony award.
In his brief and argument plaintiff-■•appellee urges the reversal of that part of the judgment awarding alimony on the •grounds that certain written and oral agreements, entered into by the litigants some four years prior to the institution of this suit on the obtaining of a judgment of separation by the wife, constituted a final settlement of all future alimony.
But the plaintiff has not appealed, nor has he answered this appeal taken by the ■defendant. Even if his contention is valid, .and from the record this seems extremely ■doubtful, we cannot hear his request.
A judgment cannot be changed in favor •of an appellee who has not appealed from the judgment nor filed an answer to the appeal taken; merely requesting such a change in brief or argument, or both, is not •sufficient. Code of Practice Arts. 592, 888, 889 (see also LSA-Code of Civil Procedure, Art. 2133); Hoover v. Sharp, La.App., 111 So.2d 521; Schwandt v. Nunez, La.App., 71 So.2d 583; Freeman v. World Ins. Co., La.App., 61 So.2d 892; Robertson v. Grigsby, La.App., 41 So.2d 860; Joiner v. Gafford, La.App., 32 So.2d 756.
The only issue before us is the adequacy ,of the alimony award to defendant.
The parties had been married to each ■other only eighteen months when the wife obtained a judgment of separation and there had been no reconciliation at the time of the trial of this divorce suit. Both had been previously married.
It is the wife’s testimony that at the time of trial she was living alone in Houston, Texas, in a three bedroom house which she rented for $97 per month. The house was inadequately furnished although she owned some furniture in Marlin, Texas. She owned an automobile but had no other material property or assets. She owed $3,348 for medical bills, groceries, etc. Her sole source of income, other than the alimony involved here, was a $40 per week salary. She estimates the minimum monthly amount of money needed by her as follows : rent, $97; utilities (lights, gas and water), $25; laundry, $10; cleaning and pressing, $10; food, $100; telephone, $7; clothing, $50; automobile expense, $30; automobile insurance, $10; beauty shop, $16; drugs and miscellaneous, $15; hospitalization, $5; doctor bills, $50. This represents a total of $425 per month.
Further testimony by the defendant, principally on cross examination, reveals that she had received in excess of $55,000 from the estate of her first husband about five years before her marriage to plaintiff. But she had made trips to California and Oklahoma, had traveled in Mexico, spent a year in Europe, had entered into several real estate transactions, some of which resulted in a profit and others not, and suffered one failure in business, all to the end that she no longer had any of this money nor any of the amounts she had received from the plaintiff upon and following their separation. The car she owns cost her $4,400, was purchased after her judgment of separation, and is mortgaged. She also managed to buy a dog for $100.
The husband’s income for the year during which the trial was held (this could be determined because the case was heard in the latter part of December) was $23,280 and consisted of a salary of $20,000 and a bonus of $3,280, a figure consistent with his *191 income of previous years. Out of this must be taken expenses incidental to his employment and taxes, a total of $8,400. The husband therefore had a net income of $14,-880.
LSA-Civil Code, Article 160 provides that where the wife does not have sufficient means for her maintenance the court in its discretion may allow her, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income. The alimony is revocable if it becomes unnecessary or if the wife contracts another marriage.
 Under our jurisprudence this alimony is in the nature of a pension and is not what is required to support the divorced wife in the manner in which she is accustomed to live, but only what will provide her with sufficient means for her maintenance. By “maintenance” as used in the article is meant primarily food, shelter and clothing. The amount necessary for maintenance is determined by the facts and circumstances of each case within the sound discretion of the trial judge. Fortier v. Gelpi, 195 La. 449, 197 So. 138; Smith v. Smith, 217 La. 646, 47 So.2d 32; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Brown v. Harris, 225 La. 320, 72 So.2d 746; Rabun v. Rabun, 232 La. 1004, 95 So.2d 635.
All factors considered, we are of the opinion that had we occupied the position of the trial judge we would have probably set the alimony at a higher figure. But it is the trial judge, in his sound discretion, who determines the amount necessary for maintenance. To justify an increase we must find that he had abused that discretion.
He saw and heard all of the witnesses. The needs of the wife have been supported only by her own testimony and the Court, of course, was not required to believe that testimony. Some of the items she lists can very well be considered as high, some may not properly be included in her “maintenance” for which alimony need be paid. We are unable to say that the trial judge abused his sound discretion in determining that $120 per month alimony, plus her salary, was sufficient for her maintenance.
For the reasons assigned the judgment is affirmed, cost of this appeal to be paid by the appellant.
Affirmed.