131 So.2d 106 (1961)
Marie Hawthorne LOE, Plaintiff-Appellee,
v.
John Edwin LOE, Defendant-Appellant.
No. 9512.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1961.
Rehearing Denied June 22, 1961.
Love & Rigby, Shreveport, for appellant.
Wilkinson, Lewis, Wilkinson & Madison, Arthur R. Carmody, Jr., Shreveport, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
This is an appeal by John Edwin Loe from a judgment of the First Judicial District Court rejecting his demands for a decrease of a previous award of permanent alimony made to his wife at the time she received a final divorce from him. The record reveals that Marie Hawthorne Loe was awarded a decree of divorce against her husband, appellant herein, on July 2, 1959. The judgment of divorce ordered appellant to pay permanent alimony in the amount of $100 to Mrs. Loe, and $100 per month for the support of the minor child of the marriage, who was placed in the custody of Mrs. Loe.
*107 On February 18, 1960, appellant filed a petition to have the judgment awarding alimony to Mrs. Loe amended so as to set aside that portion of the award to her. The grounds alleged for the modification of the judgment were:
(1) Mr. Loe's income had decreased since the original award;
(2) Mrs. Loe had obtained employment and was earning a substantial salary;
(3) She had received, as her share of the sale of the community home, approximately $5,000.
There was, and is, no dispute with regard to the payments for support of the minor child of the marriage.
The lower court found the conditions of the parties had not changed so as to warrant a reduction of the alimony in favor of the wife. From this judgment, plaintiff in rule has appealed.
The provision of the LSA-Civil Code by which we are governed in this controversy is article 160. The pertinent part of this article reads:
"If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided * * *
"This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage."
As we appreciate plaintiff's petition and brief, his contentions are twofold. The first of these is that Mrs. Loe has secured a job and is earning $250 per month as salary and has received approximately $5,000 as her share of previously undistributed community assets resulting from the sale of the community home. He contends this is a very significant change in her financial condition since the original judgment and constitutes "sufficient means for her maintenance" within the intendment of LSA-C.C. Article 160.
However, it was shown that Mrs. Loe's net salary amounted to only $216 per month and we do not think it can be said this is sufficient for her support so as to warrant
the setting aside of the judgment for permanent alimony. As pointed out by the trial judge, he took into consideration at the time of his original award of alimony the probability of the wife's future employment.
Therefore, with regard to determining whether Mrs. Loe has "sufficient means for her maintenance", the real question relates to the approximately $5,000 she received in settlement of the community subsequent to the judgment awarding her alimony.
Plaintiff's counsel strenuously contends that the case of Smith v. Smith, 1950, 217 La. 646, 47 So.2d 32, answers this query favorably to plaintiff husband. Counsel also cites the cases of St. Martin v. Lewis, 1959, 236 La. 751, 109 So.2d 81; Stabler v. Stabler, 1954, 226 La. 70, 75 So.2d 12; and Brown v. Harris, 1954, 225 La. 320, 72 So.2d 746. In Smith v. Smith, supra, the Supreme Court stated that a wife holding property valued in excess of $20,000 had sufficient means for her maintenance and denied a judgment of permanent alimony. However, the court made this observation:
"* * * To what extent the wife should be made to use up her capital before applying for the alimony is a matter with which we are not concerned at this moment. If the time should come when she has reason to believe that she has not a sufficient amount left for her maintenance, she has the right to apply to the Court for alimony in a sum sufficient for that purpose. That would again become a question of fact left to the discretion of the trial judge for decision." [217 La. 646, 47 So.2d 35.]
*108 In our opinion, a wife is not required to deplete the entire funds received from the community in order to be entitled to permanent alimony. Therefore, the real question in this regard is whether the sum of $5,000, together with a monthly income of approximately $216, constitute "sufficient means" for Mrs. Loe's support. We think these sums do not represent such means so as to justify the relief Mr. Loe asks. Additionally, it must be pointed out the husband's demands are predicated upon alleged "changed conditions". The wife owned an undivided one-half interest in the community at its dissolution, and there is no evidence in the record to indicate an increase in value thereof. The fact that she has converted her community interest into cash is not a "changed condition"
The final contention raised by appellant is his decreased income, which would entitle him to a reduction in the alimony payments. We cannot agree with this position. This record reveals Mr. Loe had an income from stock and insurance premiums of approximately $3,000 per year, and, in addition, had some income from his job with South States Life Insurance Company. In addition to this, he owns stock which he himself values considerably in excess of $40,000, and one-third interest in 300 acres of land in Bienville Parish, Louisiana.
The record also shows Mr. Loe was maintaining four saddle horses and a colt in addition to providing a portion of the living expenses of a woman with whom he resided without benefit of marriage. These revelations, considered with the established fact that the award to the wife is less than one-third of the husband's earnings, leads us to the firm conclusion that our learned brother below was eminently correct in rejecting the husband's demand for a reduction in alimony.
For the reasons assigned, the judgment is affirmed at appellant's cost.
Affirmed.