175 So.2d 313 (1965)
John F. LOCKWOOD, Plaintiff-Appellant,
v.
Sella LOCKWOOD, Defendant-Appellee.
No. 10364.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1965.
*314 Love, Rigby & Donovan, Shreveport, for appellant.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff and defendant were divorced in 1961, and the defendant wife was awarded custody of a minor child and $200 per month as alimony and child support. Since the rendition of that judgment the husband has been lax and spasmodic in making alimony payments. As of July 1964, Mrs. Lockwood had obtained three separate judgments for past due alimony totaling approximately $6000.
The present action emanates from a petition for a rule for contempt against Mr. Lockwood for his failure to pay alimony filed by Mrs. Lockwood in July of 1964. To this rule Mr. Lockwood filed certain pleadings setting forth that he was unemployed and unable to make further payments and asked that the divorce judgment of 1961 be amended so as to terminate his duty of support thereunder. The proceeding to terminate the decree of alimony was tried simultaneously with the rule for contempt against Mr. Lockwood. For brief oral reasons, incorporated in the transcript of testimony, the trial judge concluded the *315 husband was not in contempt for his failure to pay because he was temporarily unemployed, but he denied Mr. Lockwood's application for termination of the alimony. From this latter portion of the judgment Mr. Lockwood has appealed.
The facts are relatively simple and subject to little dispute. At the time of the trial, Mr. Lockwood was 64 years old. From the time of his marriage to plaintiff in 1936 until approximately six months prior to the time of the hearing he had been rather successful as an independent oil operator. He testified without serious contradiction that from January 1, 1964 until June 1964, his monthly income averaged only about $200 per month; that for at least one month preceding the date of trial he had been unemployed, although he had made a futile effort to secure employment. However, he was frank to admit he had extensive contacts with men engaged in the oil business and was confident that within the very near future he would be able to find some reasonably profitable venture. It is undisputed the needs of the wife and child exceed the amount of the alimony award, therefore the only question before this court is the ability of the husband to pay.
It is well settled the fixing of alimony for the support of the wife and child is within the sound discretion of the trial judge and should not be disturbed on appeal unless an abuse of such discretion is clearly shown. It is equally certain when an amount has previously been fixed by a court the award should not be altered unless conditions are shown to have changed.
From our review of the record, we have arrived at two conclusions. First, the decision that Mr. Lockwood was not in contempt of court is fully justified in that the record reflects he was temporarily unemployed at the time and his income was substantially curtailed during the six months prior to the rule. This constituted sufficient evidence he had not intentionally or willfully violated the alimony order. Second, we think the trial judge was in error in refusing to afford Mr. Lockwood some temporary relief from the payment of the $200 per month when the testimony was uncontradicted that at that time he was unemployed. However, we hasten to say this temporary unemployment should not permanently permit the husband to cease making these payments.
The case of Slagle v. Slagle, 205 La. 694, 17 So.2d 923 (1944) is in many respects analogous to the one now before us. There the defendant was under an order of court to pay alimony to his wife. During this time his doctor advised him to discontinue work because of a rather serious physical condition. Further, the doctor testified the husband should not attempt to resume work for an indefinite period of time. Under these circumstances, the Supreme Court concluded the alimony judgment should have been suspended during the period of unemployment. However, it is to be noted in the Slagle case the court did not discontinue the alimony payments but remanded the case to the lower court for introduction of evidence to determine when the husband would be able to resume work as well as to determine his earning capacity, etc. We consider appropriate the following portion of that opinion:
"It is our opinion, therefore, that the trial judge, under the particular facts of this case, should have suspended the judgment awarding the plaintiff alimony from June 1 until such time as the defendant is able to resume work, which fact cannot be ascertained without the introduction of additional evidence. For this reason we are remanding the case to the lower court, but, in the interest of justice, it is being remanded without restriction on the part of either party to introduce any evidence that may be available touching *316 on Slagle's ability to meet these alimony payments from June 1 until his resumption of work, as well as thereafter."
The date of June 1 mentioned in the above quotation was the date Slagle had become physically disabled. From the evidence in the instant case, we conclude Mr. Lockwood became temporarily unemployed about July 1, 1964. In line with the Slagle case, and in a conscientious effort to do justice to the husband, wife and minor child here involved, it is ordered the judgment appealed from be annulled and set aside, insofar as it recalled the rule filed by the husband to have the alimony payments discontinued or reduced, and the case is remanded to the lower court primarily to ascertain if the husband has returned to work and, if not, to satisfy the court he has good reason for failing to become employed. The remand is without restriction on the part of either party to introduce any evidence that may be available touching upon Lockwood's ability to meet these alimony payments from July 1, 1964, as well as thereafter. The lower court shall exercise its sound discretion as to the time of having such hearing and is authorized to hold the case open or grant continuances when the ends of justice require additional time in which to determine if the financial situation of the husband has changed. After the termination of such trial upon remand, the lower court shall render such judgment as the law and the evidence supports, including the ordering of the resumption of the payment of alimony and child support as provided in the original judgment or a reduction thereof.
The costs in this and in the lower court are to be borne by plaintiff, John F. Lockwood, other costs to await the final determination of the cause.
Affirmed in part, reversed in part and remanded.