HALL, Judge.
Dr. William Robyn Hardy, Jr., and his wife Irma Brodi Hardy were divorced by judgment rendered October 4th, 1967. Dr. Hardy prosecutes this appeal from that part of the judgment of divorce which awarded $1,300.00 per month alimony for the support of the five minor children of the marriage and $200.00 per month alimony for the support of his divorced wife.
Appellant contends that the Trial Judge erred in computing Dr. Hardy’s actual available income by not recognizing as a deduction from his gross income an item of $14,-569.13 representing “depreciations allowance” on the equipment and building used in his medical practice.
Dr. Hardy is a radiologist. His practice requires him to own and maintain very expensive machinery and equipment which wears out and depreciates with use and time and must on occasion be replaced in order for him to stay in business. He also owns the building which he uses as his office and which is specially adapted to house his x-ray machine and other equipment. The item of $14,569.13 in question is the amount of depreciation on his equipment and office building which Dr. Hardy was allowed for income tax purposes. (See 26 U.S.C.A. § 167.)
The sole issue raised by appellant with respect to the amount of the alimony award for the children is whether this depreciation allowance should be deducted from Dr. Hardy’s gross income in arriving at the basis upon which the alimony should be computed. Appellant contends that it should be deducted and if it is deducted the alimony for the children should be reduced from $15,600.00 per year to the sum of $10,-800.00 per year.
*233 Dr. Hardy introduced and filed in evidence in the Trial Court an exhibit identified as “P-2” in which he estimated his annual income and expenses in round figures as follows:
“INCOME:
Professional (Same as 1966) $40,500.00
Investors Homestead Assn. 800.00
Charity Hospital 4,400.00
Hotel Dieu 3,400.00
L.S.U. 3,000.00
$52,100.00
EXPENSES (BUSINESS):
Principal payments — Equipment 7,000.00
Principal payments — office 4,800.00
Federal Income Tax 20,200.00
Federal Self Employment Tax 400.00
Louisiana Income Tax 1,000.00
33,400.00
$18,700.00
EXPENSES (PERSONAL):
Rent — $185 x 12 2,200.00
1966 Medical Expenses 1,300.00
Telephone & Utilities 360.00
Maid and Laundry 800.00 Food, Clothing & Other 3,000.00
7,680,00
$11,020.00”
He testified that the $40,500.00 figure carried on the statement as professional income represents the net income from his practice after deducting his office expenses and also after deducting the income tax depreciation allowance of $14,569.13.
The record further shows that the $7,000.-00 payment for “equipment” and the $4,800.-00 payment for “office” carried as business expenses represent annual payments on the original purchase prices of Dr. Hardy’s equipment and office building and have no relationship whatever to any depreciation allowance. We make this observation for the reason that appellee’s brief confuses the two by referring to this $11,800.00 expense as a cash outlay for replacement and therefore represents the actual depreciation thereon as opposed to the depreciation of $14,569.13 allowed for income tax purposes. Appellee therefore contends that the $2,769.13 difference between the actual cash outlay for “replacement” and the amount of the depreciation allowed for income tax purposes should be added back to the amount shown as Dr. Hardy’s professional income. We cannot agree with appellee’s contention in this respect because it results from confusing installments on the original purchase price with replacement.
There is no doubt that Dr. Hardy’s equipment and office building is subject to depreciation and that if he had made a provision for replacement, particularly of his equipment, the amount thereof would be a proper deduction from gross income in arriving at a basis for calculating the amount available for alimony purposes.
*234 However Dr. Hardy’s statement does not show any reserve set up for depreciation and nowhere is it shown that he maintains any cash reserve to cover replacement of his equipment. He therefore has free use of all of his income (i. e. without deduction for depreciation) for all purposes.
For this reason we are of the opinion that the deduction by Dr. Hardy of the $14,569.13 income tax depreciation allowance from the amount of his professional earnings was improper and this amount should be added back in arriving at a basis for calculating alimony awards.
We might add that Dr. Hardy testified he still owes a balance of $25,000.00 on the purchase price of his equipment on which he is making annual payments of $7,000.00, and we would assume from that that the equipment is relatively new. The record does not reflect when it might need replacement but at least at the present time and possibly for an appreciable time to come it would seem that Dr. Hardy is not faced with any. immediate problem in that connection.
Appellant’s counsel made the statement during argument before us that he raises no question as to the amount of alimony awarded the children by the Trial Court if it should ultimately be decided that the Trial Judge was correct in not recognizing the depreciation allowance as a deduction.
Since we are of the opinion that the depreciation allowance was not a proper deduction under the circumstances of this case the alimony award for the children will not be disturbed.
Appellant contends that Mrs. Hardy is not entitled to any award for her own support in view of the fact that she owns in her own right assets of an agreed value of approximately $39,000.00 which she received in the partition of the community.
The record reveals that prior to the institution of the present proceedings Mrs. Hardy obtained a judgment of separation from Dr. Hardy. The judgment of separation was rendered on June 2, 1966 following which the parties entered into a partition in kind of the community property by notarial act dated October 6, 1966. The partition was made on the basis of the valuations placed on the property in an inventory taken on March 21, 1966, during the pendency of the separation proceedings.
In this partition Mrs. Hardy received title to the family home and its contents, a 1964 model Chevrolet Station Wagon, a checking account in the Bank of New Orleans containing a balance of $906.51, and an assignment of three ordinary life insurance policies insuring the life of Dr. Hardy.
The property received by Mrs. Hardy in the partition was valued in the inventory of March 21, 1966 as follows:
1. Equity in family home ($40,000.00 less a $12,218.64 mortgage balance due) $27,781.36
2. Contents of home 1,680.00
3. 1964 Chevrolet Station Wagon 1,800.00
4. Checking account 906.51
5. Net cash value of insurance policies 6,582,21
Total $38,750.08
Appellant contends that as a matter of law a divorced wife owning net assets having a value of approximately $39,000.00 has sufficient “means” for her support and precludes her from being entitled to alimony for her personal support, citing Smith v. *235 Smith, 217 La. 646, 47 So.2d 32; St. Martin v. Lewis, 236 La. 751, 109 So.2d 81; Derussy v. Derussy, La.App., 175 So.2d 15.
We find no need to discuss the cited cases in detail. In each of them the divorced wife owned income producing property or assets which might be liquidated or both.
In the instant case Mrs. Hardy has no income and no income producing property. Has she any assets which might be sold in order to provide support for herself?
The family home which Mrs. Hardy received in the community settlement is a single residence situated at 1404 Third Street, New Orleans. Mrs. Hardy lives there with her five children. The record shows that all of the furnishings, save those in one room occupied by Mrs. Hardy, are used by the children. If the residence were sold in order to provide Mrs. Hardy with food, clothing and shelter, Dr. Hardy would necessarily be compelled to provide another home for the five children probably at greater expense than the $200.00 per month alimony which the Trial Court awarded Mrs. Hardy.
We are of the opinion that under the circumstances of this case the wife should not be required to sell the residence and/or its contents to provide cash for her support. Neither should she be required to sell the station wagon. She testified that the station wagon was used primarily to transport the children to and from school. Besides this the station wagon was valued in 1966 at $1,800.00. It was then two years old. At the present time it is four years old and the amount it would bring is negligible.
The checking account of $906.51 which Mrs. Hardy received in 1966 has now been reduced to $26.00.
There remains for consideration the cash value of the insurance policies received by Mrs. Hardy as a result of the community settlement. As of the date of the settlement these policies had a net cash value of $6,-582.21. Mrs. Hardy testified that she borrowed $2,500.00 on the policies in order to pay the 1967 premiums due thereon and the interest on a $5,000.00 loan which Dr. Hardy had placed thereon prior to the judgment of separation. We assume that the amount of this loan was deducted in calculating the net cash value of the policies. Therefore Mrs. Hardy has available $4,082.-21 plus whatever increase in net cash value has taken place since 1966.
Although she testified she had been trying to save these policies for the benefit of the children, the record does not reveal the names of the beneficiaries nor that the named beneficiaries cannot be changed. Furthermore the policies will shortly be lost if Mrs. Hardy is compelled to borrow $2,500.00 per year to pay the premiums.
We are of the opinion that Mrs. Hardy should be required in lieu of alimony to surrender the policies and to use their cash surrender value for her own support as far as it will go. Provided she makes conservative use of this fund it should be sufficient to provide her with food and clothing for an appreciable time. She is already provided with shelter. When the time comes that she has reason to believe that she has not a sufficient amount left for her maintenance, she has a right to apply to the Court for alimony in a sum sufficient for that purpose.
For the foregoing reasons the judgment appealed from is amended by striking out the award of alimony for the support of Mrs. Irma Brodi Hardy, without prejudice however to her right to renew her application for alimony under the conditions herein expressed. As so amended and in all other respects the judgment is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Amended and affirmed.