226 So.2d 590 (1969)
Maria Magdalene Hartmann PROCELL, Plaintiff-Defendant in Rule-Appellee,
v.
James Thomas PROCELL, Defendant-Plaintiff in Rule-Appellant.
No. 11235.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1969.
Rehearing Denied September 22, 1969.
Hal V. Lyons, Shreveport, for defendant-plaintiff in rule-appellant.
Bodenheimer, Jones, Klotz & Simmons, Shreveport, for plaintiff-defendant in rule-appellee.
Before GLADNEY, AYRES, and PRICE, JJ.
AYRES, Judge.
The defendant, condemned in a final judgment of divorce to pay alimony to the plaintiff, his former wife, seeks, in this proceeding by rule, to have these payments *591 terminated. Relief is sought on the basis that the former wife is employed and is no longer in necessitous circumstances. In an answer to defendant's demands plaintiff prayed not only that his demands be rejected but that the past-due alimony be made executory. On trial of these issues, defendant's demands were rejected and the unpaid alimony in the sum of $1,400 was made executory. From this judgment, defendant appealed.
No issue is presented on this appeal appertaining to plaintiff's demands that the past-due alimony be made executory. Concerned only are defendant's demands for an alteration or modification of the judgment so as to relieve him of payments awarded for the future.
In a final judgment of divorce of April 13, 1966, defendant was condemned to pay plaintiff alimony in the sum of $170 per month. Plaintiff is presently employed at a wage of $300 per month. In addition to her monthly earnings, she has other income aggregating $50 per month. Moreover, she has $8,500 on deposit in a bank from the sale of property allotted to her in the settlement of the community estate formerly existing between her and defendant. Her expenses are shown to approximate $449 per month.
Defendant, who has an income of approximately $7,900 per year, has remarried; he and his present wife have one child. Also included in his family are three children, issue of his present wife's former marriage. For their support she receives Social Security benefits, the amount of which the record does not disclose. No children were born of defendant's and plaintiff's marriage.
Plaintiff was, without question, free from fault within the purview of LSA-C. C. Art. 160. By the language of this article, a wife without fault, who has obtained a divorce and has not sufficient means for her maintenance, may be awarded, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income.
We recognize the rule that an award of alimony assessed against a husband for the maintenance of his former spouse is within the sound discretion of the trial court and should not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Lockwood v. Lockwood, 175 So.2d 313 (La.App., 2d Cir. 1965). The jurisprudence is likewise well settled to the effect that a wife is not required to deplete the entire sum received from the community in order to be entitled to permanent alimony. Loe v. Loe, 131 So. 2d 106 (La.App., 2d Cir., 1961). However, alimony is in the nature of a pension and is calculated at an amount that will provide a wife with sufficient means for her maintenance. By maintenance is meant primarily food, shelter, and clothing, and the amount is determined by the facts and circumstances of each case within the limits prescribed by LSA-C.C. Art. 160 and as dictated by the sound discretion of the trial court. Rader v. Rader, 126 So.2d 189 (La.App., 4th Cir. 1961).
In addition to plaintiff's present income of $350 per month, she receives, or should receive, some income from her bank deposit of $8,500. Neither party should be made to suffer unnecessarily by the demands of the other. We conclude that an increase in plaintiff's income by $100 per month and a like decrease in defendant's "take-home" pay will do justice between these parties. This increase in plaintiff's income, together with the amount earned, or which could be earned from her bank deposit, exceeds her estimated monthly expenditures. Defendant is left, after payment of alimony at the above-stated rate, with $559 per month for the support of himself, his present wife, and childpresuming that the Social Security benefits paid for the support of the wife's three other children, issue of a former marriage, are sufficient for that purpose. Plaintiff's income, including this award for her maintenance, *592 of which she receives the full benefit, compares most favorably with the remainder of defendant's income from which he must provide for at least three persons, particularly in view of the fact defendant must also somehow pay plaintiff alimony in the sum of $1,400 which is now executory.
Changes in facts and circumstances since alimony was initially fixed warrant the alterations authorized.
The judgment appealed is accordingly amended by reducing the alimony previously fixed at the rate of $170 per month to $100 per month, payable one-half thereof every two weeks beginning January 17, 1969, the date of the judgment appealed, and continuing thereafter at that rate, and, as thus amended, it is affirmed.
Costs are assessed against both plaintiff and defendant in equal proportions.
Amended and affirmed.