MILLER, Judge.
Plaintiff appellant Wesley Latour filed a rule in the district court praying that his divorced wife, Irene Guilbeau, show cause why the alimony of $125 a month awarded in the divorce judgment should not be terminated. The trial court found that plaintiff failed to establish a sufficient change in circumstances of either party and dismissed the rule. We affirm.
The parties were judicially separated on December 8, 1967 and judicially divorced on June 1, 1970. In the divorce decree, the wife was granted custody of their minor daughter and recognized as owner of one-half the community property. She was awarded $125 per month child support and $125 per month alimony. In the community property settlement, the husband paid $8,000 cash for their home and for other properties. Husband acquired 105 acres of their 140 acre tract and wife acquired the remaining 35 acres. Shortly before this rule was filed, the wife sold her 35 acres for the cash price of $12,737.50, out of which she had to pay a realtor’s commission. She testified that she intended to use these funds to buy a home. She had obtained the funds only a few days before the hearing, and was still renting an apartment.
It was established that the wife had inherited some 12 acres of land prior to the divorce, and that she rented these 12 acres as farm property. There is no evidence to show the rental received.
About three weeks before trial of the rule, the wife obtained temporary employment earning $56.25 per week before deductions. There was no proof that this employment would continue.
When alimony was awarded to the wife, she owned one-half of a 140 acre tract and one-half of their house and lot, all of which had been acquired during their thirty years of marriage. She also owned the 12 acres which had been inherited. When the rule to terminate alimony was filed, she had received some $20,000 in exchange for her interest in the community property. She still owned the inherited 12 acres. She planned to use the cash to buy a house to provide a home for her minor daughter and herself.
*733 The only change in the wife’s circumstances following the award of alimony was the conversion of her assets to cash. By purchasing a home, she would be returned to about the same position she held when alimony was awarded. We agree that the wife’s financial condition had not materially changed following the award of alimony. The three weeks of temporary employment was not a sufficient change in the wife’s circumstances to justify cancellation of alimony.
The plaintiff husband introduced testimony to establish that his earnings were insufficient to pay alimony; that his earnings at the time alimony was awarded were insufficient. But he did not appeal the alimony award in the divorce judgment.
The husband admitted that he farmed substantial acreage under an arrangement with his father and that he drew on his father’s account to pay alimony, child support and his own personal obligations. We do not find manifest error in the trial court’s determination that the husband’s financial condition has not materially changed since alimony was awarded.
 Applicable here is LSA-C.C. Article 160 and the law as set forth in Procell v. Procell, 226 So.2d 590, 591 (La.App. 2 Cir. 1969).
“We recognize the rule that an award of alimony assessed against a husband for the maintenance of his former spouse is within the sound discretion of the trial court and should not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Lockwood v. Lockwood, 175 So.2d 313 (La.App., 2d Cir. 1965). The jurisprudence is likewise well settled to the effect that a wife is not required to deplete the entire sum received from the community in order to be entitled to permanent alimony. Loe v. Loe, 131 So.2d 106 (La. App., 2d Cir. 1961). However, alimony is in the nature of a pension and is calculated at an amount that will provide a wife with sufficient means for her maintenance. By maintenance is meant primarily food, shelter, and clothing, and the amount is determined by the facts and circumstances of each case within the limits prescribed by LSA-C.C. Art. 160 and as dictated by the sound discretion of the trial court. Rader v. Rader, 126 So.2d 189 (La.App., 4th Cir. 1961).”
In the Procell case alimony was reduced from $170 to $100 monthly when it was established that the wife had earnings and income of over $350 per month at the time of the hearing. This change “in facts and circumstances since alimony was initially fixed warrant the alterations authorized.” 226 So.2d 590, 592.
To change alimony awarded at the time of the divorce, the factor of prime importance is evidence of a change of circumstances. McNeill v. McNeill, 223 So.2d 709, 710 (La.App. 4 Cir. 1969).
Appellant cites Worley v. Worley, 247 So.2d 254 (La.App. 3 Cir. 1971) and relies on the statement of the law that:
“Our jurisprudence construing LSA-C.C. Art. 160 is now established that in determining whether the wife has ‘sufficient means for her maintenance’ the court must consider any principal and income available to her.”
In the Worley case, we were concerned with an appeal from the original award of alimony. The question of a change in circumstances was not before the court.
The judgment of the trial court is affirmed. Costs are assessed to plaintiff appellant.
Affirmed.