HEARD, Judge.
On June 26, 1968 judgment was rendered in the proceedings styled “Oscar Alley Hope v. Margaret Burge Hope” in the First Judicial District Court, Caddo Parish, Louisiana, granting Oscar Alley Hope a judgment of divorce “a vinculo matrimo-nii” from Margaret Burge Hope which awarded the permanent custody and control of the minor child, Wanda Hope, to Margaret Burge Hope and condemned Oscar Alley Hope to pay the sum of $100 per month as child support. The judgment rejected the reconventional demand of Margaret Burge Hope for alimony but reserved her right to seek alimony in the future should a change of circumstances occur.
On June 4, 1971, Margaret Burge Hope filed this suit for alimony alleging she was not at fault in causing the separation, is now in necessitous circumstances without sufficient means for her maintenance, and that Oscar Alley Hope should be required to pay $200 per month alimony for her support. On June 28, 1971, in a first supplemental and amended petition, plaintiff alleged she underwent serious surgery at Physicians & Surgeons Hospital and was unable to work for three or four months. Further, that her medical expenses were extensive and her necessitous circumstances more oppressive than when the original petition was filed. She requested defendant pay the sum of $400 per month for four months immediately subsequent to the filing of the original petition as alimony and $200 per month as alimony for each successive and consecutive month following the four month period. A second supplemental and amended petition alleged she had serious neck surgery at Physicians & Surgeons Hospital June 4, 1971, as a result of which she was incapacitated from that date to the filing of the second supplemental and amended petition. She further alleged a verbal contract existed between her and her husband in which he promised to pay $210 per month to prevent plaintiff *319 from appealing the ruling of the District Court which denied her alimony.
The judgment of the trial court awarded plaintiff alimony of $200 per month from June 4, 1971 through February 29, 1972 for a total of $1,780 and further awarded plaintiff permanent alimony of $125 per month payable the first of each month, beginning March 1, 1972. From this judgment defendant appealed.
It is the wife’s testimony that after the divorce defendant deeded her the home and contents and paid her $210 per month which was cut off May, 1971. At the time the divorce was rendered plaintiff was working earning a gross salary of $80 per week. In May, 1971 she went to the hospital and was unable to return to work until March' 1, 1972. At the time of trial she testified she was earning $115 every two weeks; that due to the fact she was unable to make payments on the home she was compelled to deed it to her brother and was compelled to borrow money from him to pay her debts, and that approximately $335 is required per month for her to live.
The husband testified he made no agreement with his wife to pay her $210 per month and that any payments he made to her was because she was in necessitous circumstances and needed it. He testified he told his wife he would help her while she was in necessitous circumstances so that she would not lose the house and to keep their daughter in school. The daughter married in November, 1970. Defendant stated he continued to help his former wife after their daughter’s marriage.
Defendant stated his salary at the time of the original separation was $562 per month and at the time of trial it had increased to $612 per month. His 1971 income tax reflected his income for that year at $8,843.
LSA-C.C. Art. 160 provides that where the wife does not have sufficient means for her maintenance the court in its discretion may allow her out of the property and earnings of her husband alimony not to exceed one-third of his income. The alimony is revocable if it becomes unnecessary or if the wife contracts another marriage. Our courts have stated this alimony is in the nature of a pension. It is not what is required to support the divorced wife in the manner in which she is accustomed to live but only what will provide her with sufficient means for her maintenance. By “maintenance” as used in the article is meant primarily food, shelter and clothing. The amount necessary for maintenance is determined by the facts and circumstances of each case within the sound discretion of the trial court. Rader v. Rader, 126 So.2d 189 (La.App. 4th Cir. 1961); Fortier v. Gelpi, 195 La. 449, 197 So. 138; Smith v. Smith, 217 La. 646, 47 So.2d 32; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Brown v. Harris, 225 La. 320, 72 So.2d 746; Rabun v. Rabun, 232 La. 1004, 95 So.2d 635.
An award of alimony assessed against the husband for maintenance of his former spouse is within the sound discretion of the trial court and should not be disturbed on appeal in the absence of a clear showing an abuse of discretion. Lockwood v. Lockwood, 175 So.2d 313 (La.App. 2d Cir. 1965); Procell v. Procell, 226 So.2d 590 (La.App. 2d Cir. 1969).
The facts and circumstances in this case fail to indicate any abuse of discretion by the trial court, and accordingly, for the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.