COVINGTON, Judge.
The husband, Herbert C. Hyrne, has appealed the judgment of the Family Court, Parish of East Baton Rouge, State of Louisiana, reducing alimony payments from $200.00 to $100.00 per month. The plaintiff in rule sought to have the alimony payments to his wife dispensed with, or in the alternative, reduced. We affirm.
The parties married on March 3, 1966, and divorced on September 15, 1976. The divorce judgment also awarded Beth Boze- *1245 man Hyrne, the former wife, the sum of $200.00 per month in alimony.
The plaintiff in rule asserts that since the date of the divorce, the financial circumstances of each party has changed, with Mr. Hyrne having remarried, and with Mrs. Hyrne having inherited a sum of money from a deceased aunt. At the hearing on the rule, Mr. Hyrne testified to his having married again and to his expenses being about $809.00 per month.[1] Mr. Hyrne also testified that his net earnings as a printer for the local newspaper amounted to $783.60, after the usual deductions; and that the second Mrs. Hyrne is not presently employed.
The plaintiff in rule’s primary contention is that the amount inherited by his former wife removed her from the position of “necessitous circumstances” as required by LSA-C.C. art. 160, so that she is no longer entitled to receive any alimony payments.
In the case of Procell v. Procell, 226 So.2d 590 (La.App. 2 Cir. 1969), the former wife had a current income of $350.00 per month, plus some income from her bank deposit of $8,500.00, the latter sum representing proceeds from the sale of her share of the community property. The husband had an income of $7,900.00 annually. He had remarried and had one child of that marriage. The court found that the amount of income available to the former wife did not constitute sufficient means for her support, and that she did not have to deplete all her capital in order to be entitled to permanent alimony. Consequently, it awarded her $100.00 per month alimony, a reduction from $170.00 per month.
The opinion in Procell, supra at 591, summarizes the applicable law, as follows:
“We recognize the rule that an award of alimony assessed against a husband for the maintenance of his former spouse is within the sound discretion of the trial court and should not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Lockwood v. Lockwood, 175 So.2d 313 (La.App., 2d Cir. 1965). The jurisprudence is likewise well settled to the effect that a wife is not required to deplete the entire sum received from the community in order to be entitled to permanent alimony. Loe v. Loe, 131 So.2d 106 (La.App., 2d Cir. 1961). However, alimony is in the nature of a pension and is calculated at an amount that will provide a wife with sufficient means for her maintenance. By maintenance is meant primarily food, shelter, and clothing, and the amount is determined by the facts and circumstances of each case within the limits prescribed by LSA-C.C. Art. 160 and as dictated by the sound discretion of the trial court. Rader v. Rader, 126 So.2d 189 (La.App., 4th Cir. 1961).”
The words “sufficient means” has been construed by the Supreme Court in Ward v. Ward, 339 So.2d 839 (La., 1976), as follows:
“As used in Article 160, means refers to available resources, such as property or money, from which the wants of life may be supplied. The term is, of course, broad enough to include income, for from it the wife’s needs may be met. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950). As to income, there is no difference between the interpretation of ‘means’ here and in Article 148, referring to the means of the husband. .
“Insofar as current earnings of the wife are concerned, they are treated no differently than other income. When she receives earnings, they become means for her support. Such earnings must be taken into account in awarding alimony. “If the wife is unemployed, however, and receives no earnings, her earning capacity or potential income is not a proper basis for rejecting alimony. Earning capacity alone does not fall within the definition of ‘means’ in Article 160.”
We find no merit in appellant’s contention that the trial judge failed to take into *1246 consideration both the means and needs of the former wife in fixing alimony as required by LSA-C.C. art. 160. The record amply supports the Family Court’s judgment.
The amount necessary for the support of a former wife must be determined by the circumstances of each particular case. Frederic v. Frederic, 302 So.2d 903 (La., 1974). In the instant case, the defendant in rule is unable to work at her former job as proofreader on the same newspaper for which Mr. Hyrne works, because of her poor eyesight. She resides in the former community residence, with her minor son by a former marriage. She has recently inherited, from a deceased aunt, a sum of money and two promissory notes on which monthly payments are made.
The record supports a conclusion that while the former wife has $6,000.00 in cash in the bank, she can not conveniently make use of this full amount since she will need it to pay taxes and debts on succession property, which may allow her to build up an estate. At some future date, this may produce sufficient “means” by which the former husband may be relieved of any further obligation to support his former wife. Now, however, the only “means” actually available to her are $25.00 per month from rent of a camp, $150.00 per month from a mortgage note and $80.00 per month from a demand note, totalling $255.00 per month. Her expenses were set at $450.00 per month.
Absent manifest error, we will not disturb the findings of the trier of fact, if there is a reasonable factual basis for such findings. Steber v. Steber, 346 So.2d 315 (La.App. 4 Cir. 1977). We find no manifest error; to the contrary, the evidence clearly warrants the judgment of the lower court under the provisions of LSA-C.C. art. 160.
Therefore, the judgment is affirmed at the appellant’s costs.
AFFIRMED.

. Mr. Hyrne also testified to $270.00 per month expenses incurred on behalf of the second Mrs. Hyrne.