LEAR, Judge.
The only issue involved in this matter concerns the amount of permanent alimony under C.C. art. 160, as amended by Act 72 of 1979, to be paid by the husband.
The issue of fault was litigated at the separation level.[1]
The record indicates that Mrs. Holloway has a 17 year old son born of a prior marriage and Mr. Holloway has two children born of a prior marriage. One child, age 7 years, was born of their marriage. Mrs. Holloway works part time and earns approximately $428.00 per month. Mr. Holloway earns $3,970.00 per month from his employment, plus a little over $200.00 per month from other activities.
The trial court, in a well-written opinion, considered all of the factors involved and awarded Mrs. Holloway $300.00 per month as alimony and $300.00 per month child support.
In view of Hope v. Hope, 271 So.2d 317 (La.App. 2nd Cir. 1972), an award of alimo *214 ny assessed against a husband for maintenance of his former spouse is within the sound discretion of the trial court and should not be disturbed on appeal absent a clear showing of an abuse of discretion. See also Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953).
We find no evidence in the record of an abuse of discretion by the trial court. Therefore, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. “Art. 160. Alimony after divorce
“Art. 160. When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
“In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
“This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.”