145 So.2d 669 (1962)
Harry A. ROBERTS
v.
Delphine POINTS, wife of Harry A. ROBERTS.
No. 763.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Rehearing Denied October 15, 1962.
*670 Charles G. Merritt, New Orleans, for plaintiff-appellant.
Frank J. D'Amico, New Orleans, for defendants-appellees.
Before YARRUT, MARTINEZ and RICHARDSON, JJ.
YARRUT, Judge.
This is an appeal from a judgment increasing the original allowance to the divorced wife of alimony from $125.00 per month to $175.00 per month. The husband has taken this appeal.
In December 1960, the parties were divorced and monthly alimony of $125.00 awarded to the wife. Subsequently, in a partition of the community property, the wife acquired a double-cottage at 1439-41 North Miro Street, New Orleans, valued at $9200.00, on which there was an outstanding mortgage of $4000.00, the equity in the house of $5200.00 being her community settlement.
In January 1962, the husband moved to set aside the alimony contending that the wife was no longer in necessitous circumstances since she owned the double cottage. The wife countered with a motion to increase the alimony. The District Court refused to set aside the alimony decree but, instead, increased the amount to $175.00 per month.
There is no dispute that the husband's gross monthly salary is $591.00, as a federal employee, nor that the wife has no property or income other than her $5200.00 equity in the double cottage, burdened with $4000.00 mortgage on which she must make payments to the mortgage holder. The wife lives in one-half of the cottage, with her mother and daughter by a former marriage. The other half cannot be rented because it is in such a state of disrepair and the wife cannot afford the repairs. The sole contention for the disallowance of any alimony is that, because the wife has a $5200.00 equity in the property, she is, therefore, not in necessitous circumstances.
The leading cases with respect to the necessitous circumstances of a wife who has assets or income, are: Loe v. Loe, La.App., 131 So.2d 106; Stabler v. Stabler, 226 La. 70, 75 So.2d 12; Smith v. Smith, 217 La. 646, 47 So.2d 32.
In the Loe case, the court held that a wife is not required to deplete her entire fund received from the community following divorce to be entitled to permanent alimony. In that case $5000.00 was received by the wife as her share of the community, together with a monthly income of approximately *671 $216.00, which the court held did not constitute sufficient means for the wife's maintenance, where the husband had an income from stocks and insurance premiums of $3000.00 per year, income from a job, and owned stock which was valued in excess of $40,000.00, and 300 acres of land.
In the Stabler case, the Supreme Court, in reviewing the test in such cases, had this to say:
"The test by which the Court must be guided in fixing the amount of the alimony or pension in such cases is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with `sufficient means for her maintenance.' Fortier v. Gelpi, 195 La. 449, at page 456, 197 So. 138, at page 140; and in the recent case of Smith v. Smith, 217 La. 646, 47 So.2d 32, we said: `* * * Article 160 makes no reference to the wife's income and takes into consideration only her means of maintenance and whether they are sufficient or not. In other words, under Article 160, the Court is not concerned with the wife's income as such but only with the means she has, including income, and whether they are sufficient for her maintenance. * * * It becomes necessary, therefore, to consider what is meant by the phrase "sufficient means for her maintenance" * * * Maintenance may be said to include primarily food, shelter and clothing, and certainly property or means amounting to $20,000 ought to provide those necessities very readily. * * *' 217 La. at pages 653, 654, 655, 47 So.2d at page 35."
In the Smith case, the court held that, where the divorced wife was in possession of property and assets representing her share of the division of the community, valued at $20,000.00, which produced an income of $35.00 per month, she was not entitled to alimony but was obligated to use her capital for her maintenance, subject to the right to make further application for alimony when she did not have sufficient amount left, citing LSA-C.C. Arts. 120-160.
Assuming that the wife would sell her double cottage and realize her $5200.00 equity, at 4½% interest it would earn only $234.00 per year, or approximately $20.00 per month. Yet, at the same time, she would have to pay rent for other living quarters. The husband's gross annual income is $7095.62, or approximately $591.00 monthly, to which she would be entitled to one-third, or $197.00 a month, if she had no income. Hence, she is entitled to monthly alimony of $197.00, less $20.00 per month possible income, or a net alimony of $177.00; which is always subject to further review in case of changed circumstances.
For the reasons assigned, the judgment of the District Court fixing the alimony at $175.00 per month is affirmed; Plaintiff-Appellant to pay all costs.
Affirmed.

On Application for Rehearing.
PER CURIAM.
The application for rehearing is predicated primarily upon the contention that the alimony award to the wife is based on the husband's "gross" instead of his "take-home" pay. There is nothing in the record to indicate that the "take-home" pay represents anything more than income tax deductions from his "gross" pay. Since the wife must include alimony payments in her tax return, deductible by the husband, on which she and not he pays the tax, the "gross" rather than the "take-home" pay is the proper basis for fixing the alimony. 26 U.S.C.A. § 71; 26 U.S.C.A. § 215(a) (Internal Revenue Code of 1954).
If items other than income tax are deducted from the husband's "gross" pay, he can always prove that in a further hearing in the District Court.
Rehearing refused.