YARRUT, Judge.
Following a judgment of separation obtained by the wife in January, 1955, without any reconciliation between them, the husband filed suit on September 11, 1963, for final divorce. The wife admitted no reconciliation had taken place, but asked for $200.00 monthly alimony. The husband has a monthly income of $900.00, and the district court fixed the alimony at $150.00. The husband has appealed, contending the wife has sufficient property and income for her maintenance.
The wife, aged 55, is not employed. In 1956 she bought her home for $16,750.00, paying $5,050.00 cash and the balance financed by a loan of $11,700.00 from a homestead association, on which she pays $92.55 monthly. She paid $2,500.00 for her home furnishings; owns an automobile valued at $300.00; and a few stocks and bonds which earn her $125.00 per year; plus a bank balance of $49.51 and $809.03 savings in Jackson Homestead.
The wife has been under medical care for emotional upset for the past four years at a cost of $512.00 for doctors and $827.00 medicine (total of $1,339.00) or about $330.00 per year.
The husband’s annual income from employment and investments is about $900.00 per month subject to a 25% federal income tax. However, he will be subject to no-income tax on his alimony payments, for which the wife is accountable.
The right of a divorced wife to alimony is governed by LSA-C.C. art. 160, which provides that, if she has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and' earnings of her husband, alimony not to exceed one-third of his income, revocable in-case it should become unnecessary or should she contract a second marriage.
In construing this article the Supreme Court, in the case of Smith v. Smith, 217 La. 646, 47 So.2d 32, denied a divorced wife alimony because she had $20,000.00 which produced $35.00 a month income; with the proviso that, when she did not have a sufficient amount left she could reapply for alimony.
In Fruehan v. Fruehan, La.App., 153 So.2d 75, the court held a wife with $13,000.00 of cash and interest-bearing notes was not entitled to alimony.
In Shapiro v. Shapiro, La.App., 141 So.2d 448, the court held that a wife who had $3,000.00 from the sale of former matrimonial domicile was entitled to alimony.
In Rabun v. Rabun, 232 La. 1004, 95 So.2d 635, the court denied the wife alimony because she was earning $125.00 per month and, exclusive of household furnishings and an automobile, had net assets worth $11,-000.00.
In Stabler v. Stabler, 226 La. 70, 75 So.2d 12, the wife with $20,000.00 and a bankrupt husband was held not entitled to alimony.
In Roberts v. Roberts, La.App., 145 So.2d 669, we held that a divorced wife was entitled to $175.00 per month alimony, although she owned a $5,200.00 equity in her house which would net her, if invested at 4Vi% about $20.00 per month; her husband’s earnings were $591.00 per month and she was allowed one-third the husband’s earnings, less the $20.00 monthly she would *855 receive if she converted her equity into cash and invested it.
Applying the formula of the case of Roberts v. Roberts, cited supra, if this wife converted everything she owned into cash she would have $16,000.00 to invest at 4j/¿% annual interest. She would then have to find a new home and pay rent. Her income would be $720.00 per year, or $60.00 per month, which would be deducted from one-third of the husband’s income, leaving $240.00 alimony at most she would be entitled to. As the husband is in the 25'% federal income tax bracket he, in effect, would be paying only 75% of the $240.00.
As the wife is unable to work, through no fault of her own (even at the age of 55), and considering her health and her constant need of medical care, the alimony award of $150.00 appears fair and equitable, under LSA-C.C. art. 160, and the jurisprudence cited above. The judgment is affirmed, appellant to pay all costs in both courts.
Judgment affirmed.