BAILES, Judge.
This is an appeal from a judgment of the family court of East Baton Rouge Parish, Louisiana, denying the plaintiff, divorced wife of the defendant, alimony which the wife, under certain conditions, is entitled to from the property and earnings of the husband. The portion of the judgment of the trial court appealed from by the plaintiff-wife is the following:
“It is further ordered, adjudged and decreed that there be judgment in favor of John J. Cox and against Cammie S. Cox denying the latter’s claim to any alimony until such time as she divests herself of iyhat the Court considers to be a real and substantial interest in real estate located in the State of Mississippi.”
On May 13, 1965, the trial court rendered a judgment of separation from bed and board in favor of plaintiff and against the defendant, and awarded alimony in the amount of $80 per month to plaintiff. The ground for this judgment was abandonment by the defendant of the plaintiff.
On July 22,1966, defendant-husband filed a petition for a divorce on the ground that there had been no reconciliation between the parties, and he desired to obtain a divorce from his wife, the plaintiff. In answering the petition for divorce, plaintiff admitted the essential allegations of her husband’s petition. Additionally she alleged that she was entitled to have her alimony payments increased from the previously awarded sum of $80 to $175 per month.
• There is no question in this case that the wife was not at fault in the cause for the dissolution of the marriage between her and *367 her husband. Also, it appears that there is sufficient property and income of the husband to warrant an award of alimony in the amount of approximately that contended for by the plaintiff, that is, the sum of $175 per month. The evidence clearly shows the income of the husband amounts to between $450 and $500 per month and that he is possessed of property and liquid assets of about $60,000.
The sole question presented for our determination is whether the wife has sufficient means of her own for her support.
LSA-C.C. Article 160 provides:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.”
From the above quoted source article of the plaintiffs right to be awarded alimony, it is clear that the wife has the burden of proving that she has not sufficient means for her support.
Plaintiff-appellant makes the following assignment of errors in the judgment of the trial court:
“1. The Lower Court erred in failing to award the appellant wife, Cammie S. Cox, any alimony whatsoever.
“2. The Lower Court erred in holding that the appellant wife, Cammie S. Cox has a real and substantial interest in a certain piece of real estate located in the State of Mississippi.
“3. The Lower Court erred in holding that a prerequisite to eligibility for alimony was the necessity for appellant wife, Cammie S. Cox, to divest herself of any and all interest she may have in a certain piece of real estate located in the State of Mississippi.”
It is the position of appellant that the judgment of the lower court, denying support in the form of alimony to her, is not in accord with the provisions of Article 160 of the Civil Code, supra, nor with the jurisprudence of this State.
Considering first the second specification of error, that the trial court erred in finding that plaintiff had a recognizable or actual interest in certain property in Mississippi, we find the trial court was correct in its determination of this issue. The plaintiff testified first that she had the full ownership of the first marriage family home after the death of her first husband, then subsequently testified that she had full control of this property, and finally she testified that her interest in this property amounted to a child’s part, or one-fourth interest therein. She related, in her testimony, that during the pendency of her marital difficulty with defendant, she was advised by a Mississippi lawyer to divest herself of this property, and that she did convey, without consideration, this property to her three children. She denied that she receives any income from this property, and she testified positively that her children receive all the income produced by this property. Her son, who lives in Pasedena, Texas, testified that his mother, the plaintiff, did receive at least a part of the rents from the old family home. Unquestionably, the plaintiff is actually still the owner of this property and does receive the revenues it produces. It appears to us that justice demands that the revenue produced by this *368 property be debited to the plaintiff. Actually, we are unable, from the record to determine whether the plaintiff is the owner of the entire interest in this property, or whether she owns an undivided one-fourth interest; however, it is clear to us, from our appreciation of both her testimony and that of her son, that she does receive the revenues produced by this property.
We find the trial court erred in failing to award the appellant alimony.
The evidence shows that the plaintiff is 66 years of age, in failing health, suffering from a serious heart condition and in need of constant medical care. Because of her age and physical condition, Mrs. Cox is unable to be gainfully employed.
The defendant is a retired employee of Standard Oil Company, owns an equity in his home in Baton Rouge, owns, unencumbered, 45 acres of land in East Baton Rouge Parish, having a value of approximately $22,000, has 106 shares of Standard Oil Company of N. J. common stock, and has on deposit with various building and loan associations a total of $30,000. His net income from all sources appears to be approximately $450 per month. He has no children of his previous marriage and no other person is dependent on him for support.
It appears that both plaintiff and defendant were parties to prior marriages with other spouses. The plaintiff resided with her first husband in the State of Mississippi. Of this marriage there were born a son and two daughters. At the time of the death of plaintiff’s first husband in 1953, she became possessed of the family home located on the outskirts of Laurel, Mississippi. This property has an undetermined value, estimated to be about $22,-000 and produces a gross income of approximately $115 per month. Additionally, plaintiff receives $40 per month in social, security benefits. This equals a gross monthly income of $155’ per month. According to the testimony of plaintiff, she is obligated to pay $20 per month for repayment of a loan for the installation of a new roof, that the property taxes amount to $103 annually and the insurance between $75 and $80 annually, which calculated on a monthly basis amounts to $15.00 per month. We find the plaintiff has a net monthly income, based on the above calculations, of $120. According to the testimony of plaintiff, her monthly living expenses actually exceeds the maximum of what she is allowed under the provisions of LSA-C.C. Article 160 from the income of the husband. We find that she is entitled to an award'of $150 per month from the property and income of her husband, less the net income of $120 per month which she receives from resources of her own.
Turning now to a consideration of the third specification of error assigned- by plaintiff that the lower court erred in holding that a prerequisite to eligibility for alimony was to require plaintiff to divest herself of any and all interest she may have in the Mississippi property, we believe the trial court erred in this determination. While no written reasons were assigned by the trial court for its decision we believe this requirement was based on the decision of the Supreme Court in the case of Smith v. Smith (1950) 217 La. 646, 47 So.2d 32.
In Smith v. Smith, supra, the court found the wife had property, all of which was acquired by her in a partition of the community, valued at approximately $20,000. This property consisted of War Bonds, an automobile and notes of the husband, from all of which she had an income of $35 per month. It appears that all of this property was convertible to liquid assets. Under the particular facts of that case, the court required that the wife use a portion of her means in maintaining herself. Therein the court reasoned that it would be unfair to require the husband to maintain the wife wholly from his property thus depleting his own property, while the wife retained *369 and kept intact her estate. The court stated:
******
“In this case, what capital the wife has was derived from the partition of the community of acquets and gains formerly existing between her and her divorced husband and were she permitted to retain hers, and at the same time cause her husband to deplete his, in order to pay her alimony, that would produce a result which would be highly inequitable and a situation by which he could be forced into the obligation of supporting her when that obligation no longer exists by reason of the dissolution of the marriage. To what extent the wife should be made to use up her capital before applying for the alimony is a matter with which we are not concerned at this moment. If the time should come when she has reason to believe that she has not a sufficient amount left for her maintenance, she has the right to apply to the Court for alimony in a sum sufficient for that purpose. * *
We find in this case that it is more equitable to debit the plaintiff with the net income from the Mississippi property and require the defendant to pay the difference between all net income received by plaintiff and the amount determined to be one-third of his income, as above set forth. In the Smith case, the amount of the wife’s property was easily calculated, it apparently was either liquid or easily converted into cash, whereas in the instant case, it is questionable what amount the plaintiff could receive for the property assuming that there is an available purchaser.
Plaintiff cites the cases of Loe v. Loe (La.App.1961) 131 So.2d 106; Roberts v. Roberts (La.App.1962) 145 So.2d 669; and Vedrenne v. Vedrenne (La.App.1964) 163 So.2d 853. We find from our examination of the Loe and Vedrenne cases, the facts are different and the ruling of the courts therein not apropos. However, we do find in the Roberts case that the claimant wife was debited with the yield of the equity in real estate she owned.
For the foregoing reasons, the judgment of the family court, insofar as it denies the plaintiff’s claim for alimony until such time as she divest herself of what the Court considers to be a real and substantial interest in real estate located in the State of Mississippi, is reversed, and judgment is rendered herein in favor of plaintiff and against the defendant awarding plaintiff alimony in the amount of $30 per month. Defendant to pay all court costs.
Reversed in part and rendered.