GULOTTA, Judge.
This is an appeal from a judgment ordering defendant, Dr. Richard Alan Faust, to pay $400 per month for the maintenance for his divorced wife.
In the divorce decree granted to Mrs. Faust on March 27, 1963, alimony and child support was awarded to her in the sum of $1,100 for the support of herself and the four children born of the marriage.
On December 4, 1970, as a result of a rule for reduction filed by Dr. Faust, the court reduced the amount to $400 per month for Mrs. Faust and $300 per month for support for each of the two children who had not attained the age of majority. The total award was $1,000 per month. The decree further provided that upon each child attaining the age of majority, the support award for that child would cease. One of the two remaining children has now attained the age of 21 years, and the judgment of child support to the remaining minor child is not contested on this appeal.
Dr. Faust appeals devolutively only from that part of the judgment relating to the amount of the award to the divorced wife. He acknowledges that he has the ability to pay the amount of the alimony but contends that defendant in rule, his divorced wife, is not entitled to receive any support because she has sufficient funds for her maintenance.
The sole and only issue, therefore, is whether the trial judge abused his discretion in determining that the divorced wife was without sufficient means for her maintenance and thereby entitled to support in the amount awarded.
Article 160 of the Revised Civil Code, the governing statutory provision in respect to the award of alimony after divorce provides:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce;
* * * * * *
“This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.” (Emphasis ours.)
The jurisprudence in interpreting Article 160 has further defined the test for alimony for a divorced wife as that sum which will provide her with sufficient means for her maintenance. Matheny v. Matheny, 205 La. 869, 18 So.2d 324 (1944); Stabler v. Stabler, 226 La. 70, 75 So.2d 12 (1954); Fortier v. Gelpi, 195 La. 449, 197 So. 138 (1940). This court in Rader v. Rader, 126 So.2d 189, 191, (La.App. 4th Cir. 1961) described what is meant by “maintenance”:
" * * * By ‘maintenance’ as used in the article is meant primarily food, shel *306 ter and clothing. The amount necessary for maintenance is determined by the facts and circumstances of each case within the sound discretion of the trial judge * * * ” (Emphasis ours.)
We must, therefore, look at Mrs. Faust’s financial situation at the time Dr. Faust brought the rule to reduce alimony and determine if the record justifies the award.
It is important to realize that the question of the wife’s sufficient means for her maintenance must be determined as of the time of the hearing. Although the husband alleges that the wife has dissipated her assets in the past in such ways as maintaining an apartment in New Orleans while traveling about the country spending funds inherited by her as well as funds derived from the sale of community property, we cannot consider these allegations for the purposes of the rule before us. Our deliberation and consideration can only be based upon the wife’s economic situation at the time of the hearing, particularly in view of the fact that no testimony had previously been taken in connection with alimony awards because those prior judgments were by consent. We are satisfied from the evidence that Mrs. Faust did not dissipate the funds in order to put herself in necessitous circumstances.
Mrs. Faust testified that she had $2,000 in a savings account and $2,000 in a checking account, a total of $4,000, of which approximately $2,000 was owed at the time of the hearing for medical, travel, rent and other expenses already incurred. Also, approximately $2,000 was required immediately for dental expenses for herself and expenses for the children.
Mrs. Faust’s only other asset is the inventory of the Maple Street Book Store. She testified that she receives no income from this business but that it is operated by her 23 year old daughter, Rhoda Faust. Rhoda conjectured at the trial what the value of store’s inventory would be. Rhoda stated that the retail value was $40,000 and that accounts payable amounted to $15,000. She speculated, at one point, that the net worth of the book shop was about $10,000; whereas, at other points in her testimony, her estimates of the amount that she might realize in a distress sale were from 40 percent of the retail value of the inventory, i. e., $40,000, to 20 percent of the retail value.
The broad variance in these estimates reveals the speculation necessary in projecting the true value of the book store’s inventory. It is thus obvious from Rhoda’s testimony that the amount that might be realized from a sale, if in fact there is an available purchaser, is highly questionable.
We cannot agree with Dr. Faust’s contention that Mrs. Faust is no longer in need of this $400 award because she has sufficient means for her maintenance, i. e., the book store and savings.
In the case of Cox v. Cox, 199 So.2d 365 (La.App. 1st Cir. 1967), as in the case at bar, the sole question presented was whether the wife had sufficient means for her support. In awarding alimony to the wife, the court found the lower court had erred in holding that a prerequisite to the wife’s eligibility for alimony was to require her to divest herself of any interest she had in property she owned in Mississippi. The court distinguished the decision of the Supreme Court in the case of Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950):
“In Smith v. Smith, supra, the court found the wife had property, all of which was acquired by her in a partition of the community, valued at approximately $20,000. This property consisted of War Bonds, an automobile and notes of the husband, from all of which she had an income of $35 per month. It appears that all of this property was convertible to liquid assets. Under the particular facts of that case, the court re *307 quired that the wife use a portion of her means in maintaining herself. Therein the court reasoned that it would be unfair to require the husband to maintain the wife wholly from his property thus depleting his own property, while the wife retained and kept intact her estate.” (Emphasis ours.) Cox, supra, 199 So.2d at 368.
The conclusion of the court in Cox, supra, affirms our view of Mrs. Faust’s assets in the instant case:
“We find in this case that it is more equitable to debit the plaintiff with the net income from the Mississippi property and require the defendant to pay the difference between all net income received by plaintiff and the amount determined to be one-third of his income, as above set forth. In the Smith case, the amount of the wife’s property was easily calculated, it apparently was either liquid or easily converted into cash, whereas in the instant case, it is questionable what amount the plaintiff could receive for the property assuming that there is an available purchaser.” (Emphasis ours.) Cox, supra at 369.
Clearly, the value of Mrs. Faust’s property is not easily calculated and her interest in the book store cannot be easily converted into cash. We can only, therefore, conjecture as to the amount to be realized by her in the conversion of the assets of the book store. Furthermore, with the daughter operating the store on a salary and Mrs. Faust entitled to any prospective profits, the wisdom of forcing the sale of the inventory is questionable.
Considering the facts and circumstances, we are of the opinion that the trial judge did not abuse his discretion in awarding defendant in rule alimony for her maintenance in the sum of $400 per month. Accordingly, the judgment of the trial court is affirmed. Costs to be paid by plaintiff in rule, Dr. Faust.
Affirmed.