315 So.2d 164 (1975)
Dave GAUTREAUX, Plaintiff (Defendant-in-Rule) Appellee,
v.
Theresa CORMIER, Defendant (Plaintiff-in-Rule) Appellant.
No. 4990.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
Pugh, Buatt, Landry & Pugh by Kenneth O. Privat, Crowley, for defendant-appellant.
Harold L. Savoie, Lafayette, for plaintiff-appellee.
Before FRUGÉ, HOOD and WATSON, JJ.
HOOD, Judge.
Mrs. Theresa Cormier seeks an increase in the amount of alimony and child support which defendant-in-rule, Dave Gautreaux, previously had been ordered to pay to her. She also demands that the amount of past due alimony and support payments owed by defendant-in-rule be fixed and made executory. Gautreaux answered and reconvened, praying that he be awarded custody of a minor child and that all of plaintiff-in-rule's demands for alimony and support be rejected.
Judgment was rendered by the trial court (1) terminating the child support payments which Gautreaux previously had been ordered to make, (2) rejecting Mrs. Cormier's demand for alimony, (3) rejecting Gautreaux's demand for custody, and (4) fixing the arrears of alimony or child support due by defendant-in-rule at $200.00. Plaintiff-in-rule, Mrs. Cormier, has appealed.
*165 The sole issue presented on this appeal is whether plaintiff-in-rule is entitled to recover alimony from her former husband, Gautreaux, and if so, the amount which defendant-in-rule should be condemned to pay.
Gautreaux obtained a judgment of divorce against Mrs. Cormier on November 5, 1973. Mrs. Cormier was without fault, however, and she was awarded the permanent custody of her two minor children, Carroll and Jeffrey Gautreaux, and Gautreaux was ordered "to pay alimony at the rate of Forty and No/100 ($40.00) Dollars per week." Gautreaux made the payments ordered by the court until July 20, 1974, at which time he deliberately reduced his payments to $20.00 per week because the oldest child, Carroll, married and supposedly he no longer needed the support. Gautreaux contends that the original award made to plaintiff-in-rule was for "child support," despite the language used in the judgment. He interpreted the above judgment to mean that each child was to receive $20.00 per week, and he alleges that he thereupon reduced his payments when the oldest child married and became self-supporting.
Mrs. Cormier has no income. Her assets consist solely of a three bedroom frame house in Duson, Louisiana, which is debtfree and has a value of $7,000.00. Her son, Carroll, and the latter's wife live in that home. Originally, Carroll paid $20.00 per month to plaintiff-in-rule as rent, but he has discontinued making those payments and Mrs. Cormier thus receives no rent or any other income from her property. Plaintiff-in-rule and her younger son, Jeffrey, live in a home owned by Ernest Menard. She keeps house for the owner, and in consideration therefor she receives room and board for herself and her son.
At the trial, Mrs. Cormier established that she needed a minimum of $200.00 per month for the support of herself and her child. It was stipulated that Gautreaux has an income of $480.00 per month.
During the course of the trial, after the evidence established that plaintiff-in-rule owned a house and a lot worth $7,000.00, the trial judge ruled that the matter could then be concluded, and that on the basis of the evidence already produced Mrs. Cormier's demands for alimony would be rejected. The trial judge said:
"Gentlemen, at this time, the Court thinks we can conclude the whole matter because cases are replete to the effect that after divorce, the wife is not entitled to alimony if she has means for her own support. Under the circumstances, owning a home which is free of debt is an asset to the wife which she has to use in order to support herself until such time that she can no longer use this, then she may come to this Court and ask for support."
* * * * * *
". . . She is not in need because she is required to exhaust her resources before she is in need after the divorce is granted."
Following that ruling a stipulation was entered into as to the income of defendant-in-rule, and the record contains an affidavit executed by Gautreaux listing his living expenses. We gather from the record that although the court ruled on the major issue during the trial, both parties introduced all of the evidence they desired to produce, and both voluntarily submitted the case for decision on the record which was made up in the trial court. Neither party indicated a desire to introduce more evidence in the trial court, and neither has requested on this appeal that the case be remanded for that purpose.
Mrs. Cormier contends that the trial court erred in holding that she must deplete her assets before she is entitled to alimony under Article 160 of the Louisiana Civil Code.
LSA-C.C. art. 160 provides that the wife may be allowed alimony when she *166 "has not sufficient means for her support." The article makes no reference to income, and courts thus in deciding whether the wife is entitled to alimony must consider all of her means or assets, including any income she may have, to determine whether they are sufficient for her support. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950). The amount necessary for the support of a divorced wife is to be determined by the circumstances of each particular case. Frederic v. Frederic, 302 So.2d 903 (La. 1974).
In the instant suit, the plaintiff-in-rule has no income, but she does own a house and lot which is worth $7,000.00. The question presented is whether she must deplete that asset before she is entitled to alimony.
In Procell v. Procell, 226 So.2d 590 (La.App. 2 Cir. 1969), the wife had an income of $350.00 per month, and she also had $8,500.00 on deposit in a bank, being her share of the sale of community property. Our brothers of the Second Circuit Court of Appeal held that that did not constitute sufficient means for her support, and that she did not have to deplete the entire sum received from the community in order to be entitled to permanent alimony. The court decreed that she was entitled to alimony of $100.00 per month from her husband. The opinion in that case summarized the law, as follows:
"We recognize the rule that an award of alimony assessed against a husband for the maintenance of his former spouse is within the sound discretion of the trial court and should not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Lockwood v. Lockwood, 175 So.2d 313 (La.App., 2d Cir. 1965). The jurisprudence is likewise well settled to the effect that a wife is not required to deplete the entire sum received from the community in order to be entitled to permanent alimony. Loe v. Loe, 131 So.2d 106 (La.App., 2d Cir. 1961). However, alimony is in the nature of a pension and is calculated at an amount that will provide a wife with sufficient means for her maintenance. By maintenance is meant primarily food, shelter, and clothing, and the amount is determined by the facts and circumstances of each case within the limits prescribed by LSA-C.C. Art 160 and as dictated by the sound discretion of the trial court. Rader v. Rader, 126 So.2d 189 (La.App., 4th Cir. 1961)."
A similar issue was presented in Loe v. Loe, 131 So.2d 106 (La.App. 2 Cir. 1961), where the wife received $5,000.00 as her share of the sale of the community home, and she was receiving $216.00 as take-home pay from her employment. The court held that this did not constitute sufficient means for her maintenance, and that she was entitled to continue to receive $200.00 per month as alimony and child support. The court said, "In our opinion, a wife is not required to deplete the entire funds received from the community in order to be entitled to permanent alimony."
The facts in Roberts v. Roberts, 145 So.2d 669 (La.App. 4 Cir. 1962), were similar to those in the instant suit. The court, after concluding that the wife did not have sufficient means for her maintenance, disposed of the case as follows:
"Assuming that the wife would sell her double cottage and realize her $5200.00 equity, at 4½% interest it would earn only $234.00 per year, or approximately $20.00 per month. Yet, at the same time, she would have to pay rent for other living quarters. The husband's gross annual income is $7095.62, or approximately $591.00 monthly, to which she would be entitled to one-third, or $197.00 a month, if she had no income. Hence, she is entitled to monthly alimony of $197.00, less $20.00 per month possible income or a net alimony of $177.00; which is always subject to further review in case of changed circumstances."
*167 Applying these established rules to the instant suit, and considering the value of Mrs. Cormier's estate and her lack of income, we conclude that plaintiff-in-rule does not have sufficient means for her support and that she is not required to sell her home or to deplete her assets before she is entitled to alimony under LSA-C.C. art. 160. The trial judge erred, therefore, in rejecting her demand for alimony. See also Faust v. Faust, 254 So.2d 304 (La.App. 4 Cir. 1971); Cox v. Cox, 199 So.2d 365 (La.App. 1 Cir. 1967); Webster v. Webster, 308 So.2d 302 (La.App. 1 Cir. 1975); Morgan v. Morgan, 260 So.2d 336 (La.App. 4 Cir. 1972); Wagner v. Wagner, 248 So. 2d 96 (La.App. 4 Cir. 1971); Latour v. Guilbeau, 256 So.2d 731 (La.App. 3 Cir. 1972); Doughty v. Doughty, 244 So.2d 86 (La.App. 3 Cir. 1971).
Although Mrs. Cormier receives no income from her property, it is reasonable to conclude that she could let or lease it to a tenant who would pay rent, and we think she thus should be credited with the income which the property ought to produce. In our opinion, the reasoning applied in Roberts v. Roberts, supra, is applicable here.
Gautreaux's income is $480.00 per month. The maximum amount of alimony which he could be compelled to pay, under LSA-C.C. art. 160, is one-third of his income, amounting to $160.00 per month. We believe that Mrs. Cormier should be able to derive an income of six percent per annum from the value of her rental property, which amounts to $420.00 per year, or $35.00 per month. After deducting that possible income from the maximum amount of alimony allowable under LSA-C.C. art. 160, there remains the sum of $125.00 per month, which we think is a fair and reasonable allowance for alimony.
We have considered the list of expenses and debts which Gautreaux claims must be paid out of his salary. They appear to us to be excessive, however, and in the absence of supporting evidence we do not regard that list as being sufficient to relieve defendant-in-rule from the obligation of paying alimony.
Our conclusion is that Mrs. Cormier is entitled to judgment awarding her permanent alimony in the amount of $125.00 per month, beginning on the date when this judgment becomes final.
For the reasons assigned, that part of the judgment appealed from which rejects Mrs. Cormier's demand for alimony is reversed, and judgment is hereby rendered in favor of plaintiff-in-rule, Mrs. Cormier, and against defendant-in-rule, Gautreaux, ordering the latter to pay to Mrs. Cormier alimony in the amount of $125.00 per month, beginning on the date this judgment becomes final. In all other respects the judgment of the trial court is affirmed. The costs of this appeal are assessed to Dave Gautreaux, the appellee.
Affirmed in part, and reversed in part.
WATSON, J., concurs in the result.