331 So.2d 102 (1976)
Virgil KNIGHT
v.
Bertha Tynes KNIGHT.
No. 10643.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Jim W. Richardson, Jr., Bogalusa, for appellant.
*103 Delos R. Johnson, Jr., Franklinton, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge:
Plaintiff Virgil Knight and defendant Bertha Tynes Knight were divorced by judgment dated April 6, 1973. The divorce was awarded to Mr. Knight on the ground of living separate and apart for more than two years. On the same date, the parties entered into a voluntary partition of the community.
On May 20, 1974, Mrs. Knight filed an alimony rule, and a motion to set aside the community settlement. From a judgment dismissing both claims, she has appealed. Mrs. Knight does not complain of the refusal of the trial judge to set aside the community settlement and we assume that claim to be abandoned.
The defense to the alimony rule is that Mrs. Knight was not free from fault in the separation, and that she is not in necessitous circumstances.
The evidence shows that Mrs. Knight is unemployed, unskilled, and partially disabled. Mr. Knight's only complaint relative to her conduct during their marriage is that she constantly questioned him about his whereabouts when not at home. Apparently, this questioning would make Mr. Knight angry, and arguments of a severe nature would ensue.
Mrs. Knight justifies her questioning on the ground that Mr. Knight was seeing another woman, which he denies. There is, however, evidence in the record that Mr. Knight was seeing another woman, whom he married after his divorce from the defendant.
Article 160 of the Civil Code provides:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
"1. The wife obtains a divorce;
"2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconcilliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
"3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
"This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
Interpreting the foregoing article in Felger v. Doty, 217 La. 365, 46 So.2d 300 (1950), the Supreme Court said:
"[T]he word "fault" as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce."
Considering the facts of this case in the light of the law, we are of the opinion that Mrs. Knight carried the burden of proving herself free from fault within the meaning of Article 160, supra.
The evidence shows that, in the community settlement, Mrs. Knight received a house and several outbuildings situated on seven and one half acres of ground, the household goods, and an automobile. She also received a 60% interest in 62½ acres of ground, which was to be sold within a year of the divorce but which has not yet been disposed of. No value was placed on the house tract, where Mrs. Knight makes her home. There is no expert testimony as to the value of the 62½ *104 acre tract, although Mrs. Knight was said to have placed a $500.00 per acre value on it, and one of her sons thought it was worth more than that. The trial judge found that one who owns a home on seven and one half acres and an interest in property valued at $18,000.00 is not in necessitous circumstances under the law.
In Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950), the court interpreted Article 160, supra, as follows:
"Article 160 makes no reference to the wife's income and takes into consideration only her means of maintenance and whether they are sufficient or not. In other words, under Article 160, the Court is not concerned with the wife's income as such but only with the means she has, including income, and whether they are sufficient for her maintenance. If they are not, then it may, in its discretion allow her this so-called pension and in doing so may look into the property and earnings of the husband in fixing the amount, which however, cannot exceed one-third of his income. It becomes necessary, therefore, to consider what is meant by the phrase `sufficient means for her maintenance' in Article 160. Does it mean that the wife must be left with no means at all before she can claim alimony out of the property and earnings of the husband from whom she is divorced? In several cases in which Article 160 was under consideration, this Court has used the words `necessitous circumstances' almost synonymously with the words `sufficient means', comparing the status of the wife with that of the widow in necessitous circumstances under Article 2382 and 3252 of the Civil Code. It is not to be inferred from this that the wife must be practically destitute before she can act. In fact the language of Article 160 implies the opposite because it expressly stipulates that it is in case she has not sufficient means that she can apply for the alimony from which it follows that she may have some means."
In that case, the court found that a wife with $20,000.00 in notes and bonds, and an income of $35.00 per month had sufficient means for her maintenance.
More recently, in Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969), a wife with a $18,000.00 home, $6,000.00 in cash, a $6,000.00 stock equity and no income was found to have sufficient means.
We have reviewed the many intermediate appellate court decisions on the subject, and in none of them has a wife with an unencumbered home and $18,000.00 in other property been awarded alimony under Article 160.
We therefore conclude that Mrs. Knight has sufficient means for her support, under the authorities above cited.
In the Smith case, supra, the court further said:
"To what extent the wife should be made to use up her capital before applying for the alimony is a matter with which we are not concerned at this moment. If the time should come when she has reason to believe that she has not a sufficient amount left for her maintenance, she has the right to apply to the Court for alimony in a sum sufficient for that purpose. That would again become a question of fact left to the discretion of the trial judge for decision."
The judgment appealed from is therefore affirmed, reserving unto Mrs. Knight the right to apply to the court for alimony when she no longer has a sufficient amount left for her maintenance. All costs are to be equally shared by the parties hereto.
AFFIRMED.