REDMANN, Judge.
An ex-wife appeals from a judgment which terminated $65 weekly child support and post-divorce alimony (the two children having reached majority a year or two earlier).
The $65 for wife and two children was fixed when the ex-husband earned $800 a month “take-home” pay, including $200 from a second job. Thus the original fixing cannot have been limited by the husband’s ability to pay. Despite having lost the second job, the husband now nets, judging from three weeks’ current pay, closer to $900 a month. His second wife nets an additional $170 a week (although she has a minor child to whose support she may be contributing). Thus the husband’s ability to pay has not decreased.
The wife’s expenses are unclear despite the usual recitals, owing to her admission that some of those expenses include amounts for the needs of the two major children (both employed). We cannot find any increase in the wife’s needs since that 1972 fixing, especially when she also testifies that — as one can well understand — the insufficiency of $65 a week has obliged her to work part-time (although the amount of work and earnings is unclear).
The correctness of the original fixing is not before us: however low it appear, Bernhardt v. Bernhardt, La.1973, 283 So.2d 226, obliges us to consider only changes in circumstances occurring since the prior fixing.
Because of the majority of the two children, any portion of the $65 attributable to them must be eliminated. We would attribute nothing to the son who was earning $130 a week, and $15 to the daughter for expenses exclusively hers, thus attributing $50 of the $65 weekly to the ex-wife. We would conclude that the wife has not proven any increase in need, and the husband has not proven any decease in the wife’s need or his ability to pay, although the wife’s earnings from her admitted employment require investigation to determine the proper amount of alimony.
The trial judge’s elimination of alimony was based on the wife’s having five months earlier received about $3,000 cash in a partial community settlement, all of which she spent (most of it on house repairs, she said), and on her owning a $16,000 house (on which she owed $9,500). The trial judge also alluded to the “two freeloaders,” the employed major children living with the ex-wife, but we understand his point to be merely that their absence — or a reasonable contribution by them to household expenses — would reduce the ex-wife’s need, and not that the children’s obligation to maintain a mother in need, C.C. art. 229, relieves the ex-husband of his obligation; see Matheny v. Matheny, 1944, 205 La. 869, 18 So.2d 324. The principal reason for judgment appears to have been the ex-wife’s $6,500 net interest in her house: “I can’t make the man pay alimony in order to let her maintain a $7,000 equity in the house.”
That view is inconsistent with cases decided by this court such as Mendoza v. Mendoza, La.App. 4 Cir. 1975, 310 So.2d 154, writ denied La., 313 So.2d 827 ($12,500 equity plus $2,200 automobile); and Wagner v. Wagner, La.App. 4 Cir. 1971, 248 So.2d 96 ($10,000 in stock plus $50,000 half-interest in undivided community). See also Gautreaux v. Cormier, La.App. 3 Cir. 1975, 315 So.2d 164, which cites several other cases.
That the wife had five months earlier received $3,000, which she during that period spent on house repairs and medical bills is also no bar; Faust v. Faust, La.App. 4 Cir. 1971, 254 So.2d 304; see also Rader v. Rader, La.App. 4 Cir. 1961, 126 So.2d 189.
It was error to refuse alimony on the grounds recited. Because, however, the record indicates that the wife may have earnings but does not show their amount, we remand so that alimony may be fixed with that factor considered.
Remanded at plaintiff’s cost.