356 So.2d 1023 (1977)
Elaine Cox WHITE
v.
Charles Alton WHITE.
No. 11721.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Gerard E. Kiefer, Baton Rouge, of counsel for plaintiff-appellant, Elaine Cox White.
Roland C. Kizer, Jr., Baton Rouge, of counsel for defendant-appellant, Charles Alton White.
Before LOTTINGER, EDWARDS, and PONDER, JJ.
EDWARDS, Judge.
This is an appeal from a divorce judgment fixing permanent alimony and child support. Elaine Cox White, the wife, contends that the award of alimony should be increased. Charles Alton White, the husband, contends that Elaine is not entitled to alimony and that child support should be decreased.
The Whites were divorced on June 7, 1977. The divorce judgment fixed permanent alimony in the sum of $750.00 per month and maintained child support in the same amount as was ordered in the judgment of separation, i. e. $600 per month for two children, plus medical and dental expenses as well as certain reasonable expenses for the children's horses.
The trial judge stated his Reasons for Judgment as follows:

*1024 "In the case at bar plaintiff wife seeks permanent alimony and the defendant husband ably argues that she is entitled to no permanent alimony whatsoever. While it is true that Mrs. White, in the property settlement, received certain fixed but not income-producing assets, such as the former matrimonial domicile and land together with certain non-income producing real estate as well as some sixteen thousand in cash subject to some interest income upon proper investment of the same, other than that, she enjoys no present income-producing assets such as will permit her to provide herself with the ordinary necessities of life. Without forcing the wife to liquidate her non-income producing capital, this court believes that the sum of seven hundred and fifty dollars per month as permanent alimony from a former husband well able to afford the same is consistent with the law and her needs.
In accordance with the above judgment is rendered and will be signed granting a final divorce in favor of the plaintiff and against the defendant, continuing custody and support as previously ordered and condemning the defendant to pay to the plaintiff as permanent alimony for her support the sum of seven hundred and fifty dollars per month in the same proportionate amounts and on the same dates as the child support, commencing with the next regular child support payment." (emphasis supplied)
It is apparent from these reasons that the trial judge looked solely to the wife's income rather than to her means in determining whether she was entitled to permanent alimony after divorce. This was error.
The proper criteria for determining a wife's entitlement to alimony after divorce is contained in LSA-C.C. Article 160, where it is stated in pertinent part:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony . . ." (emphasis supplied)
The Supreme Court in Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950) stated at page 35:
". . . Article 160 makes no reference to the wife's income and takes into consideration only her means of maintenance and whether they are sufficient or not. In other words, under Article 160, the Court is not concerned with the wife's income as such but only with the means she has, including income, and whether they are sufficient for her maintenance . . ."
In the instant case, the wife has assets worth, by her own estimate, in excess of $100,000. In addition, she has more than $16,000 in cash which is invested at 7¾% per annum interest and approximately $3,000 in a bank savings account.
Under the above facts, we are unable to find that Mrs. White is without sufficient means for her maintenance. Accordingly, the trial court improperly awarded her alimony after divorce. Smith v. Smith, supra.
Counsel for Mrs. White argues the applicability here of Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) and Gautreaux v. Cormier, 315 So.2d 164 (La.App. 3rd Cir. 1975). Those cases are distinguishable on two main points: (1) each dealt with a rule to change permanent alimony after the divorce with change of circumstances vel non as an issue; and (2) nothing in the Bernhardt opinion suggests that the wife had any assets at all, and in Gautreaux the wife had no income at all and only a $7,000 house.
Counsel further argues that the issue here is one of change of circumstances. Such is clearly not the case. The alimony previously fixed was pendente lite (C.C. Article 148). This case presents an initial determination of permanent alimony after divorce. (C.C. Article 160). The two concepts are entirely different. Ward v. Ward, 339 So.2d 839 (La.1976); Frederic v. Frederic, 302 So.2d 903 (La.1974); Smith, supra; Knight v. Knight, 331 So.2d 102 (La.App. 1st Cir. 1976).
*1025 On the issue of child support, Mrs. White testified regarding her monthly expenses of $1,825.11, the needs of the children and her inability to work. The trial court found based on this evidence that the award for child support should remain at $600 per month as previously ordered in the separation decree.
We find that this award is supported by the evidence and does not exceed the discretion vested in the trial court.
For the above reasons, the judgment of the trial court is reversed insofar as it awarded the wife the sum of $750.00 per month as permanent alimony; and affirmed in all other respects. Costs of this appeal are to be borne by Mrs. White, the plaintiff-appellant.
REVERSED IN PART AND AFFIRMED IN PART.