LOTTINGER, Judge.
The plaintiff-wife obtained a judgment against the defendant-husband for divorce based on adultery and the trial court awarded the wife $375.00 per month in permanent alimony. The sole issue on appeal is whether the permanent alimony award is proper.- The husband claims that the wife is capable of supporting herself and, alternatively, that the judgment should be limited to a six month period.
Plaintiff and defendant were married on November 2, 1968, and two children were born of the marriage, Darby Michael, six, and Kristopher Murry, four. In earlier proceedings, the parties entered into a consent judgment on the custody issue, agreeing that the wife would have custody of the children. The husband also stipulated that he would pay $150.00 per month per child in child support and would pay reasonable medical, dental, and drug bills, as well as maintain his wife and children on his hospitalization insurance policy.
The husband’s main contention on appeal is that his wife is capable of working in a beauty parlor or as a real estate salesperson and that she should be required to support herself. The wife, on the other hand, claims that she would have to go back to beauty school to learn the most recent developments and that the cost of returning to school would be prohibitive because of baby sitting expenses. The record shows that the husband earns about $23,000.00 to $25,000.00 per year gross.
La.C.C. art. 160 provides:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the *371 property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and the amount of alimony after the divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of the children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
“In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
“This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.”
Under the provisions of the above quoted article, the trial court must look at the totality of the circumstances concerning both parties in deciding whether alimony is due and the amount thereof. The husband points particularly to the second paragraph of Article 160 which lists earning capability as one of the factors to be considered in awarding alimony. We find that the trial court could have looked at Mrs. Brossette’s earning capability and could have decided, even in light of her ability to do beauty parlor or real estate work, that she was entitled to permanent alimony based upon some of the other enumerated factors in Article 160, such as the effect of custody of the children upon her earning capacity and her obligations to support and care for the dependent children.
The husband’s alternative contention that the alimony should be payable for only six months is based on the time required for plaintiff’s refresher schooling and is without merit. The husband is entitled at any time to seek a reduction of the alimony payments when circumstances change.
In cases of this nature, a trial court is given much discretion in determining the amount of alimony to be paid. Unless he has abused his discretion, the appellate court will generally not change the award on appeal. From the totality of the circumstances, we cannot say that the trial judge abused his discretion.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed at the defendant’s cost.
AFFIRMED.