LABORDE, Judge.
This appeal arises out of appellant’s, Louis Allen Cormier, suit to decrease or in the alternative to terminate alimony payments to the appellee, Mary Trixie Cormier. The trial court reduced the amount of alimony from $300.00 per month to $200.00 per month but refused to terminate alimony payments. The issue on appeal is whether the trial court erred in its denial of termination considering the circumstances of Mary and the provisions of Act 72 of 1979 amending LSA-C.C. Art. 160, requiring the court to consider Mary’s earning capacity in making the award. From our review of the record, we conclude that the trial judge did not abuse his discretion in reducing the alimony payments. Hence, we affirm.
The litigants were divorced by judgment of court dated October 26, 1972. The judgment of divorce ordered Louis to pay $300.00 per month in alimony to Mary. Mary is a 50-year old female with a 7th grade education who has never worked and who has no formal training. Her assets consist of a house obtained in the community settlement valued at $50,000.00, a 1978 Mark IV, $1,000.00 in a checking account and a money market certificate valued at $20,542.34. Her only sources of income are the alimony payments in the amount of $300.00 per month and the interest on her money market certificate.
Louis’ contention on appeal is that his wife, Mary, should be required to seek employment before demanding alimony and that she has failed to prove she is unable to work. Under Louisiana jurisprudence and statutory law the wife must be without fault and without sufficient means for her maintenance in order to be eligible for post-divorce alimony. LSA-C.C. Art. 160. When considering whether a spouse’s means are sufficient to support her needs, the court must look to the income and property of the spouse requesting alimony before making its determination. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950); White v. *721 White, 356 So.2d 1023 (La.App. 1st Cir. 1977). In Ward v. Ward, 339 So.2d 839 (La.1976), which was decided prior to the 1979 amendment to LSA-C.C. Art. 160, the Supreme Court held that earning capacity alone does not fall within the definition of “means” in Article 160. The second paragraph of LSA-C.C. Art. 160 as amended states:
“In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.”
This article as amended does not require the denial of permanent alimony where the spouse is apparently capable of employment, it only lists earning capacity as a consideration to be made in determining an alimony award. Super v. Super, 397 So.2d 1084, (La.App. 4th Cir.1981). Under the provisions of LSA-C.C. Art. 160, the trial court must look at the totality of the circumstances concerning both parties in deciding whether alimony is due and the amount thereof. Brossette v. Brossette, 396 So.2d 369 (La.App. 1st Cir.1981). In our review of the jurisprudence and LSA-C.C. Art. 160, we conclude, a spouse may have earning capacity but still not have sufficient means for his or her support. Earning capacity is one of many factors that must be considered by the court in determining if alimony is due. Therefore, we conclude that a spouse who is unemployed can be awarded alimony without first being required to seek employment.
The trial court came to a conclusion regarding the earning capacity of Mary. In its written reasons for judgment the court stated it would not find Mary presently, absent any training, capable of employment. This conclusion was based on the court’s finding that Mary had no marketable skills, no work experience and a limited education. An award of alimony will not be disturbed on appeal in absence of clear showing of an abuse of discretion. Lovell v. Lovell, 386 So.2d 1063 (La.App. 3rd Cir. 1980). Reviewing the totality of the circumstances concerning both parties, we find no abuse of the trial.court’s discretion.
Accordingly, the judgment is affirmed at appellant’s, Louis Cormier, cost.
AFFIRMED.