442 So.2d 901 (1983)
Deborah Lanclos JOHNSON, Plaintiff-Appellee,
v.
John W. JOHNSON, Jr., Defendant-Appellant.
No. 83-351.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*902 Sherman Stanford, Opelousas, for defendant-appellant.
Morrow & Morrow, Patrick C. Morrow, Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
This suit concerns an award of permanent alimony. Plaintiff, Deborah L. Johnson, filed a rule for alimony and an increase in child support. Defendant, John W. Johnson, Jr., answered by a rule to decrease child support. The trial court awarded Mrs. Johnson permanent alimony in the amount of $350 per month and denied her request for an increase in child support.
Mr. Johnson appeals alleging that the trial court erred in (1) granting Mrs. Johnson permanent alimony for the period of her training as a nurse while she was already trained to earn a living as a beautician and (2) in finding that Mr. Johnson's net income was approximately $1,583 to $1,667 per month. Because we find that the trial court erred in awarding Mrs. Johnson permanent alimony, we do not reach the issue of Mr. Johnson's net income.

FACTS
In the original separation suit, Mrs. Johnson was awarded $500 per month for child support and alimony pendente lite. After several rules for past due alimony and child support, Mrs. Johnson agreed to give up her alimony because she was working. In 1978, the parties stipulated to child support in the amount of $450 per month.
In January of 1980, Mrs. Johnson filed suit for divorce based on LSA-R.S. 9:302. She sought only child support and made no claim for permanent alimony under LSA-C.C. art. 160. A judgment of divorce was granted on May 22, 1980 awarding child support in the amount of $450 per month.
Mrs. Johnson's fault was never in issue in either the separation or the divorce suit. Although the above facts do not appear in the record, they are not disputed. (See *903 written reasons for judgment. Tr. 10 et seq).
On January 20, 1983, Mrs. Johnson filed a rule for alimony and an increase in child support. In support of her request for permanent alimony she alleged that her financial circumstances had changed as a result of her attending nursing school. She requested an award of $900 per month to cover both alimony and child support. Mr. Johnson answered by a rule to decrease child support.
Both rules were heard on February 4, 1983. In its judgment signed on February 22, 1983, the trial court (1) awarded Mrs. Johnson permanent alimony in the amount of $350 per month and (2) refused her request for an increase in child support.

AWARD OF PERMANENT ALIMONY
Mr. Johnson urges that it was error for the trial court to award Mrs. Johnson permanent alimony in any amount. He contends that he should not be required to subsidize her training as a nurse because she has already demonstrated a capacity to earn sufficient wages to meet her basic needs.
For a court to alter an alimony award, the party seeking modification must show a change of circumstances of either party from the time of the award to the time of the trial on the alimony rule. Cromwell v. Cromwell, 419 So.2d 974 (La. App. 3rd Cir.1982). The spouse's earning capacity is a factor to be considered in determining need for purposes of permanent alimony. LSA-C.C. art. 160. Further training and education for a reasonable period of time directed toward improving earning capacity is another proper consideration under Article 160. Geter v. Geter, 404 So.2d 1283 (La.App. 2nd Cir.1981). An award of alimony will not be disturbed on appeal in the absence of clear showing of an abuse of discretion. Cormier v. Cormier, 422 So.2d 719 (La.App. 3rd Cir.1982), writ denied, 427 So.2d 869 (La.1983).
The parties were divorced in 1980. Mrs. Johnson did not seek permanent alimony at that time. Approximately three years later she decided she wanted to become a nurse and enrolled in nursing school. Prior to enrolling in nursing school, Mrs. Johnson was working and apparently had sufficient income to meet her needs. On January 20, 1983, after completing almost one semester at nursing school Mrs. Johnson filed the present rule for permanent alimony. Besides receiving approximately $200 per month in food stamps, she now has no other income.
We believe that under the facts, the award of alimony made by the trial court was an abuse of discretion and was not consistent with the criteria of Article 160. We hold that it would be inconsistent with the codal mandate requiring consideration of earning capacity to require Mr. Johnson, at this time, to subsidize Mrs. Johnson's training as a nurse because she has demonstrated capacity to earn sufficient wages to meet her basic needs.
At the time Mrs. Johnson filed the rule for alimony, the parties had been divorced nearly three years. Shortly before filing the rule Mrs. Johnson enrolled in nursing school. Prior to that time she worked, earning enough to meet her needs. Because almost three years have passed since their divorce we find that the time necessary for Mrs. Johnson to acquire further education, training or employment has elapsed.
This is not a case in which one spouse wishes to continue further education or training already begun at or near the time of separation or divorce, nor one in which the spouse is in need of further education or training in order to become employable. Rather, this is a case in which after working for almost three years and apparently earning sufficient income to meet her needs, Mrs. Johnson decided that she wanted to become a nurse and so enrolled in nursing school. As a result of this decision, she apparently quit her job and now has no income other than approximately $200 per month in food stamps.
For the reasons assigned, the judgment of the trial court is reversed insofar as it *904 awards permanent alimony to plaintiff. Judgment is now rendered in favor of defendant John W. Johnson, and against plaintiff, Deborah L. Johnson, rejecting plaintiff's demand for permanent alimony. That portion of the judgment of the trial court denying an increase in child support is affirmed. Costs are assessed against plaintiff-appellee in both the trial court and on appeal.
REVERSED.