KNOLL, Judge.
Gene Daily Dronet appeals from a judgment denying him a reduction in alimony and child support, contending the trial court erred in failing to consider the decrease in his earnings. We affirm, finding the trial court did not abuse its discretion in its consideration of Dronet’s financial condition.
Gene Dronet and Mary C. Montet were judicially divorced on May 19, 1982. The trial court granted Montet custody of their three minor children, and Dronet was ordered to pay child support at the rate of $333 per child per month, and alimony of $300 per month. On November 30, 1982, Dronet was granted custody of his oldest son, but he was ordered to continue his child support and alimony payments of $1000 and $300 respectively. On July 23, 1984, Dronet ruled Montet into court to reduce child support; Montet reconvened seeking to recover past due child support, to have Dronet held in contempt of court for failing to timely pay child support, and to modify visitation rights. Dronet appeals that portion of the July 23, 1984, judgment denying his request to reduce alimony and child support payments.
The trial judge is vested with much discretion in setting the amount of child support and alimony, and such award will not be disturbed unless the trial court abused its discretion or committed manifest error in its appreciation of the facts. Johnson v. Johnson, 442 So.2d 901 (La.App. 3rd Cir. *236 1983), writ denied, 445 So.2d 451 (La.1984). To modify a judgment of child support or alimony, the litigant seeking the adjustment must prove a change in the circumstances of one of the parties. Hicks v. Hicks, 450 So.2d 30 (La.App. 3rd Cir.1984).
Dronet relied solely upon a decrease in his income to reduce his monthly alimony and child support payments; no evidence was presented regarding Montet’s income or any change in the needs of the two minor children. The trial court heard Dro-net’s testimony, and compared his affidavits of income and expenses filed in 1982 to those relied upon in 1984. The trial court found that Dronet’s income increased since 1982 by at least $800 per month as the result of rental income, and that sums exceeding $1720 per month, derived from the sale of various houses he remodeled and his house moving business, were deposited in his bank account. Furthermore, the trial court determined that many of Dronet’s expenses decreased since 1982.
The trial court’s credibility findings are entitled to great weight and can not be disturbed absent manifest error. Pearce v. Pearce, 348 So.2d 75 (La.1977). After a careful review of the record, we find the trial court considered the change in circumstances alleged and did not abuse its discretion in failing to reduce Gene Dronet’s alimony and child support payments.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Gene D. Dronet.
AFFIRMED.